Catharine M. Adams *vs.* James H. Blethen.

Aroostook, 1876.—February 7, 1877.

*Promissory notes.*

The liabilities implied by indorsing a note can be qualified or restricted only by express terms.

The payee of a negotiable note who signed his name on the back of it under the words: "I this day sold and delivered to Catharine M. Adams the within note," may be held as an indorser of the note in a suit thereon in the name of Catharine M. Adams.

On report.

Assumpsit against an indorser of a note of the following tenor:
"Linneus, May 30, 1873. I promise to pay James H. Blethen or
order $137.50, at 10 per cent. interest, on demand.

(Signed,)                              Ebenezer Tozier."

On the note was this indorsement: "I this day sold and deliv-
ered to Catharine M. Adams the with not.

(Signed,)                              James H. Blethen."

The plaintiff testified in her direct examination, in substance,
that the maker refused to pay the note, and that immediately
thereafter, and not more than four or five days from her first pos-
session of it, she notified the defendant of the demand and refusal,
and of her intention to hold him as indorser. On the cross-exam-
ination, among other things, she testified that she took the note
from Blethen on the thirteenth of May, and as near as she recol-
lects demanded it of Tozier about the eighteenth, that she did not
remember the year, or whether it was 1872 or 1873.

The presiding judge ruled as matter of law, that under the
indorsement upon the face of the paper the defendant was not
liable as an indorser, and excluded evidence offered by the plain-
tiff that the agreement between the parties was that the defend-
ant should be liable.

After the evidence was out, the action was withdrawn from the
jury and submitted to the law court. If the action was maintain-
able, it was to stand for trial; if not, the plaintiff to be nonsuit.

*J. C. Madigan & J. P. Donworth,* with whom was *W. M.
Robinson & J. B. Hutchinson,* for the plaintiff.

*L. Powers,* for the defendant, contended that the indorsement
not being in blank, but in full, contained the whole contract and
left nothing to implication; and also that the evidence of the
plaintiff showing demand and notice before the note was due,
and not after, was not sufficient to entitle her to maintain the
action.

Peters, J. The defendant, payee of a negotiable note, signed
his name on the back of it under these words: "I this day sold
and delivered to Catharine M. Adams (plaintiff) the with not."

We think that the defendant thereby assumed all the liabilities of an ordinary indorsement of the note. No word in the writing indorsed upon the note negatives or qualifies such an idea. The liabilities implied by indorsing a note can be qualified or restricted only by express terms. Here the only restriction is, that the indorsement is made special to Catharine M. Adams. The defendant declares that he sold and delivered the note. Every indorser of a bill or note impliedly says the same thing by his indorsement. The defendant did sell and deliver the note, and by making that declaration over his name on the back of it, he also agreed to pay the note to the plaintiff according to its tenor, upon seasonable notice, if the maker did not pay it. His contract is in part expressed and in part implied. Any indorser of a note may be properly styled a seller of the note by him indorsed.

The counsel for the defendant contends that, inasmuch as a complete contract of mere sale is set out in express terms, no more than a sale can be implied. But implied undertakings are annexed to many written contracts, and especially to those declared in short and imperfect terms. The warranty of title to a thing sold is rarely expressed, but usually implied, in a written contract of sale. Many illustrations of the principle could be given.

There is evidently some error in the report or the testimony, about the date of the demand and notice claimed to be proved by the plaintiff, which can be corrected upon a new hearing.

*The action to stand for trial.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and VIRGIN, JJ., concurred.