Shelby v. Judd.

---

## MARY H. SHELBY v. BYRON JUDD.

1. INDORSER; *When Demand and Notice are Necessary.* The indorsement of a note after maturity, is in effect the drawing of a new bill, payable on demand; and to hold the indorser, demand and notice of non-payment are essential. (*Swartz v. Redfield,* 13 Kas. 550.)

2. INDORSER, *When not Liable.* After the indorsement of a note after maturity, J., the indorser, held the note in his care and custody for B., the indorsee, and at her instance, from March 1st, 1874, to January 11th, 1875, for safe-keeping in a bank of which J. was the president and cashier. The indorsee took actual possession of the note on January 11th, 1875, and brought an action thereon against the maker. Failing to collect all the judgment from the maker, or the mortgaged property, on May 11th, 1878, an action was brought against J., as indorser. *Held,* As no other demand was made than the institution of the suit on January 11th, 1875, and as no notice of non-payment was given, and as such notice was not waived, the indorser is not liable.

*Error from Wyandotte District Court.*

MAY 11th, 1878, plaintiff in error brought this action in the district court of Wyandotte county against the defendant in error, to recover $1,629, with interest. January 16th, 1879, an amended petition was filed, in the following words and figures (omitting the title and name of the court):

"1. Plaintiff says that on the 30th day of August, 1872, one Russell Garrett executed and delivered to said defendant his certain promissory note, in words and figures as follows:

$2,355.     WYANDOTTE CITY, KANSAS, August 30th, A. D. 1872.

Twelve months after date, for value received, I promise to pay to the order of Byron Judd, two thousand three hundred and fifty-five dollars, with interest thereon after maturity at the rate of twelve per cent. per annum.     RUSSELL GARRETT.

11—24 KAS.

"This note is secured by mortgage, duly stamped according to law.

"On the said 30th day of August, 1872, said Russell Garrett, and his wife Elizabeth J. Garrett, executed and delivered to said defendant a mortgage on certain real estate belonging to said Russell Garrett, to secure the payment of said note, said real estate being fully described in said mortgage, and situate in the county of Wyandotte, and state of Kansas.

"2. On the 1st day of March, 1874, said defendant was indebted to plaintiff in the sum of about $2,500, which was then past due. Plaintiff on that day requesting payment of the same, defendant said that he was unable to pay the money, but offered to assign to plaintiff the said note and mortgage in payment of said indebtedness. Plaintiff knowing that said Russell Garrett was wholly insolvent, and being wholly ignorant of the value of the real estate mortgaged to secure said note, declined said offer of defendant. Defendant then said that said note would soon be paid, and that said real estate was worth more than the amount of the principal and interest of said note, but plaintiff still declined to accept his said offer. Defendant then proposed to indorse said note to plaintiff, and said to her that that would guarantee the payment of the same, which offer plaintiff then and there accepted, and agreed to receive said note so indorsed in payment of defendant's said indebtedness to her. Defendant then made the following indorsement on said note, and delivered said note and mortgage to plaintiff:

"For value received, I hereby sell and assign all my interest in the within note, and mortgage accompanying the same, to Mrs. Mary H. Bowman, this March 1st, 1874.          BYRON JUDD.

"Plaintiff was then a widow, and her name was Mary H. Bowman.

"3. Plaintiff says that she accepted said note as aforesaid, believing that said indorsement made defendant liable to her as a guarantor of the same, and that she believed and understood that defendant, by reason of said indorsement, became and was absolutely liable to her on the same, and without any conditions in case of the default of said Russell Garrett in payment of said note, or failure of said land mortgaged as aforesaid to secure said note, to realize the amount thereof, on sale of the same to satisfy any judgment on said note. Plaintiff says that her said belief was based upon and in-

duced by the said statements of defendant, as to the nature, import and effect of the said indorsement as aforesaid, and that she received said note and mortgage relying upon said statements of defendant, and that she would not have so received said note but for her belief that defendant was absolutely and personally liable to her on the same in case of default of said Russell Garrett, as aforesaid, all of which was known to defendant at the time of said indorsement and transfer.

"4. Plaintiff says that at the time of the transactions hereinbefore set forth, and for three years thereafter, defendant was the president and cashier of the First National Bank, Wyandotte, Kansas, and that said bank was the place where defendant was accustomed to transact most of his private business. The indorsement and agreement before set out were made at said bank, said note and mortgage then being there in custody of defendant, and at the time of said indorsement it was agreed by and between plaintiff and defendant that defendant should keep said note and mortgage at said bank for safe-keeping for plaintiff, and that said note and mortgage thereupon were left in the custody and care of defendant, who further agreed to inform said Russell Garrett of the transfer of the same to plaintiff. Said note and mortgage remained in the control and custody of defendant at said bank until the 11th day of January, 1875.

"5. That no part of the amount due on said note being paid by said Russell Garrett, this plaintiff, on the 11th day of January, 1875, commenced an action in the district court of the state of Kansas, for the county of Wyandotte, against the said Russell Garrett and Elizabeth J. Garrett, for a personal judgment against said Russell Garrett on said note, and for the foreclosure of said mortgage and judgment for any deficiency after the sale of said mortgaged premises. Such proceedings were thereupon had that afterward a judgment was rendered against said Russell Garrett for the sum of $2,355, principal, and $471, interest due on said note, and an attorney's fee of $140; and a decree was made by said court for the foreclosure of said mortgage and sale of said premises, and for payment by said Russell Garrett of the amount of any deficiency remaining on the sale of said mortgaged premises. Pursuant to said decree, said premises were sold by the sheriff of Wyandotte county, Kansas, under an order of sale duly issued from said court to said sheriff, and at the sale of the same on the 19th day of June, 1877, said premises were

sold for the sum of $1,443, and the plaintiff became the pur-chaser thereof. That upon the sale of said premises there occurred a deficiency of $1,629, no part of which has been paid by said Russell Garrett, who at the time of the rendition of said judgment against him was wholly insolvent, and who has ever since been, and is now insolvent.

"6. Plaintiff is still the owner of said judgment against said Russell Garrett, and the owner and holder of said note, and has always been and is now ready and willing to deliver to defendant an assignment of said judgment and note, upon being paid the amount due on said judgment.

"Plaintiff has demanded payment of the said deficiency on said judgment of defendant, who wholly refused to pay any part of the same, and denied any liability for or on account of the same, or that he ever was liable for the payment of said note or judgment as guarantor for said Russell Garrett, or in any other manner.

"Wherefore, plaintiff prays judgment against defendant for the sum of $1,629, with interest on the same from the 19th of June, 1877, at the rate of twelve per cent. per annum, and for costs of suit."

On January 27th, 1879, the defendant filed the following answer:

"And now comes the said defendant, and for answer to the amended petition of said plaintiff, denies each and every allegation and averment in said amended petition contained."

The case was tried at the April Term of court for 1879. Upon the attempt on the part of the plaintiff to produce her testimony, the defendant interposed his objection to any evidence being received, for the reason that the petition did not state facts sufficient to constitute a cause of action. The objection was sustained, and under the direction of the judge the jury returned a verdict for defendant. Plaintiff excepted, and brings the case here.

*Bartlett & Cree*, for plaintiff in error.

*Alden & McGrew*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The question presented by the record is, does the petition state facts sufficient to constitute a cause of

action in favor of the plaintiff and against the defendant? The decision of this court in *Swartz v. Redfield*, 13 Kas. 550, virtually disposes of the inquiry in the negative. It was there held, that the indorsement of a note, after maturity, is in effect the drawing of a new bill, payable on demand, and to hold the indorser, demand and notice of non-payment are essential. The note set forth in the petition we are considering, bears date August 30, 1872; it is payable twelve months after date; the indorsement by defendant was made March 1st, 1874, several months after its maturity. No demand or notice is alleged in the petition, other than the demand by the institution of the suit on January 11th, 1875. Counsel suggest an exception to the rule adopted in *Swartz v. Redfield*, supra, for the reason that the note and mortgage were left in the custody and care of the defendant; therefore, they contend demand and notice of non-payment were waived. The suggestion is without substance, as the petition alleges that at the time of the indorsement it was agreed by plaintiff and defendant that defendant should keep said note and mortgage at the bank for safe-keeping for plaintiff, and therefore they were left in the custody and care of defendant until January 11th, 1875.

An action was commenced against the maker of the note and to foreclose the mortgage, on January 11th, 1875, but the defendant was not a party to the suit, and had no notice of its pendency. This action was not commenced till May 11th, 1878, and defendant therefore had no care or custody of the note and mortgage for more than three years prior to the commencement of the action. Again, defendant had charge of the note and mortgage during the time they were in his possession only for safe-keeping. He had no authority to present the note for payment; he was not employed to collect the note; and he is not charged with any neglect of duty. It cannot be said he waived demand or notice.

The case of *Braine v. Spalding*, 52 Penn. St. 247, to which we are referred, is not in point, because in that case the indorser took the note into his own possession and undertook

the collection himself. Nothing of the kind was done by the indorser of the note transferred to the plaintiff. As before stated, the defendant held the note only for safe-keeping, not for collection or presentation. Counsel also claim a liability on the part of the defendant as a guarantor, but the statements of the defendant prior to the indorsement of the note are irrelevant, as the parties reduced their agreement to writing — and this may be looked upon as the final consummation of their negotiation, and the exact expression of their purpose. No fraud or deceit is charged in the indorsement, and hence no notice can be taken of the allegations denying the legal import of the contract expressed in that writing.

It is further urged that the note was indorsed to plaintiff in payment of an antecedent debt owed by defendant, and therefore it should have been treated as a conditional payment only. The answer to this is, the parties had the power to give and accept the note and mortgage as the absolute payment and extinguishment of the debt owed by defendant, if they had so chosen. The whole matter was completely within their control. The petition alleges the plaintiff "accepted and agreed to receive the note so indorsed in payment of defendant's said indebtedness to her." The action is not brought upon the original debt. The claim is, that defendant is liable as guarantor or indorser. As the contract is one of indorsement and not of guaranty, defendant is not liable as a guarantor; as no demand was made other than by the institution of a suit, and no notice given, and as neither was waived, the defendant is not liable as an indorser. The petition failed to state sufficient facts to constitute any cause of action against defendant.

The judgment of the district court will be affirmed.

All the Justices concurring.