## MERRILL v. HURLEY *et al.*

1. As the business of a corporation is transacted only through its officers and authorized agents, the unconditional delivery at the principal office of a corporation of promissory notes, together with a mortgage in the form of a trust deed securing the payment thereof, to its president acting officially for the corporation named therein, as payee and beneficiary, constitutes a delivery to the corporation, and not to a third person in escrow.

2.  The negotiability of a promissory note, otherwise unobjectionable, is not affected by a provision for a specified additional rate of interest after maturity, nor is a recital therein, to the effect that such note may, at the option of the holder and by reason of the default of the maker, become due and payable at a date earlier than that fixed, sufficient to destroy its character as a negotiable instrument.

3.  In the absence of evidence to the contrary, it will be presumed that the managing president of a corporation engaged in loaning money, and in buying and selling negotiable instruments, has authority, as such, to transfer by indorsement a promissory note made payable to such corporation.

4.  In order to destroy the negotiability of a promissory note by a writing on the back of such instrument designed to transfer the title thereof, words apparently intended for that purpose must be used. Comp. Laws, § 4478.

5.  Upon the back of a negotiable interest-bearing bond made payable to a corporation, its managing president wrote the following, and signed the same in his official capacity: "For value received, I hereby assign the within bond, together with all our interest in and all our right under the mortgage securing the same, to Mary E. Merrill, without recourse." *Held* to constitute a contract of indorsement, and not to be a mere assignment of the instrument.

6.  A conveyance of real property to a third party, in trust as security for a debt which by its terms provides that the trust is to be executed by the creditor, and in which the trustee, in case of default, is authorized to perform no act in relation to the property described in such instrument operates as a mortgage, in accordance with the expressed intention of the parties thereto.

7.  An applicant for a loan of money, who voluntarily executes and delivers his negotiable promissory note and a mortgage in the form of a trust deed, securing the same, to the payee and beneficiary, without receiving any consideration therefor, and afterwards, while charged with a knowledge that the mortgage was of record, and the note had been transferred, accepts, in settlement of a suit brought to procure a redelivery and cancellation of such instruments, a bond as indemnity against loss that he may sustain by reason of such note and mortgage, and at the same time procures a reconveyance of the property from the trustee named in the instrument designed to operate as a mortgage, is not in a position to defeat an action for the foreclosure of the mortgage by an innocent purchaser for value before maturity, although no assignment of such instrument appeared of record at the time the prop-

erty was, without payment, reconveyed by the trustee to the maker of said note and instrument securing the same.

8. As plaintiff, the purchaser of the note and mortgage in suit, failed to record her assignment, and the recorded deed executed by the trustee appeared to reinvest the grantor and maker of the note with the unincumbered title to the property, a mortgage subsequently taken to secure a loan by a third person, without any knowledge of the existence of plaintiff's lien, is *held*, to be superior thereto.  Merrill v. Luce (S. D.) 61 N. W. 43.

(Syllabus by the court.  Opinion filed April 13, 1895.)

Appeal from circuit court, Lake county.   Hon. FRANK R. AIKENS, Judge.

Action to foreclose a mortgage.   There was judgment for plaintiff, and from an order granting a new trial she appeals. Affirmed.

The facts are stated in the opinion.

*Winsor & Kittredge*, for appellant.

A deed of trust given to secure the payment of money is in legal effect a mortgage.   Webb v. Hazleton, 4 Neb. 308; Kiger v. Riley, 2 Neb. 28; Hurley v. Estes, 6 Neb. 386; Sargent v. Howe, 21 Ill. 148.

*Palmer & Rogde*, for respondents.

The powers and duties of a trustee are only such as are prescribed and defined by the instrument creating the trust, and he is bound thereby.   Secs. 1316, 1317, Civ. Code;  Tyler v. Granger, 48 Cal. 259;  Perry on Trusts, sec. 273;  Young v. Bradley, 11 Otto 1044;  Austin v. Shaw, 10 Allen 552.   A guaranty is not a negotiation of a bill or note as understood by the law merchant.   Security v. Ekle, 1 Wall, S. 203;  Lamonvieux v. Hewitt, 5 Wend. 307;  Miller v. Gaston, 2 Hill 188;  Amba v. Yoemans, 39 Mich. 171;  Bank v. Anderson, 14 Ia. 552;  Conway v. Fuiller, 30 Ia. 212;  Bowling v. Cooke, 39 Ia. 200.

FULLER, J.   The trial of this action, which was to foreclose a certain trust deed or mortgage, executed by the defendant Hurley and his wife to secure the payment of their bond or

promissory note for $600, together with certain interest coupons thereto attached, resulted in plaintiff's favor, and a decree of foreclosure was accordingly entered, in which a sale of the incumbered premises was ordered and adjudged as prayed for by plaintiff, and in which the right, title, and interest of all defendants herein were forever barred and foreclosed, subject to the statutory right of redemption.   Upon the application of the defendants John M. Hurley, Mary Hurley, and Thomas Fitzgerald, the court vacated its decree, and granted a new trial, and from the order thus entered plaintiff appeals.   The facts apparently essential to an understanding of the questions presented are, in substance, as follows:   On· the 24th day of December, 1885, defendants John M. Hurley and Mary Hurley executed a mortgage and trust deed to E. H. Jacobs, as trustee of the American Mortgage & Investment Company, upon the premises in question, to secure the payment of $600 and interest, according to the terms of their promissory note, payable to the American Mortgage & Investment Company or order, bearing date December 1, 1885, the terms of which will receive more particular attention later on.   It appears from the evidence that on the 18th day of February, 1886, plaintiff purchased for a valuable consideration and in the usual course of business the bond and mortgage above mentioned, together with other securities belonging to the American Mortgage & Investment Company, and that a default existed in the conditions of said bond and mortgage at the commencement of the suit to enforce by forecloseure the collection of the amount alleged to be due thereon.   The trust deed or mortgage was duly recorded in the office of the register of deeds on the day of its execution, and the bond or principle note, when sold and transferred to plaintiff, contained on its back the following indorsement:   "For value received I hereby assign the within bond, together with all our interest in and all our right under the mortgage securing the same, to Mary E. Merrill, without recourse.   S. W. Jacobs, Prest."   And each of the interest cou-

pons thereto attached was, upon its back, indorsed as follows: "Pay to the order of Mary E. Merrill, without recourse. S. W. Jacobs, P." But no assignment of the trust deed was procured at the time, and none was placed of record, until the 11th day of October, 1888. It further appears from the evidence that although it was understood and agreed between the parties to the original transaction, at or subsequent to the time the papers were signed, that the same would be withheld from record by the officer of the defendant loan company, with whom the loan was negotiated, until the money was received and paid over to the defendant John M. Hurley, said loan company caused the trust deed to be placed of record, and neglected and refused to pay over the money, or any part thereof, for which the note was given, except the sum of $500, which was offered on the 28th day of January, 1886, in full consideration for the $600 note, and which the defendant Hurley refused to accept, for the avowed reason that it was not paid at the time agreed upon, and was not for the full amount of the loan; that subsequently to the sale and delivery of the note and trust deed to plaintiff, and on the 13th day of June, 1887, E. H. Jacobs, trustee, released and reconveyed to John M. Hurley the premises in controversy, and caused the instrument of reconveyance to be recorded in the office of the register of deeds, and apparently as a part of the same transaction, the American Mortgage & Investment Company, by its officers, S. W. and E. H. Jacobs, executed to the defendant Hurley a bond in the sum of $1,000, conditioned that they would cause to be returned to him the $600 note in question. On the 1st day of February, 1888, the defendant Fitzgerald loaned $300 to the defendant Hurley, and took a mortgage on the premises in controversy to secure the payment of the same, and said mortgage remains of record and in full force.

No effort has been made to present all the testimony offered at the trial bearing upon the issues raised by the pleadings, and should a proper determination of this appeal, viewed as we are

disposed to regard it, require a consideration of the evidence contained in the record, to which no reference has been made, such facts and circumstances will receive merited attention in connection with an examination of the questions of law presented for our determination. To sustain the action of the trial court in granting a new trial, respondent's counsel maintain that the interest-bearing bond or promissory note in question is a nonnegotiable instrument; that no consideration was ever received therefor; and that said note, and the trust deed securing the same, were delivered in escrow only, upon the specified condition that such note and trust deed should be held by the defendant S. W. Jocobs, and should be of no force or effect until the money for which they were executed was paid to the defendant Hurley.

In determining whether or not the delivery of the note and trust deed was absolute or in the nature of an escrow, it will be necessary to briefly examine the evidence in relation thereto. The defendant Hurley testified, in effect, that he went to the principal office of the American Mortgage & Investment Company, the payee named in the note, and applied to S. W. Jacobs, the president of said company, for a loan of $600; that the papers including the instrument in which the secretary of said company is named as trustee, were all executed by John M. Hurley and Mary Hurley, and left at the office of the loan company; that witness expected to receive the money as soon as papers were signed, and before they were filed for record. There is nothing in the evidence tending to prove an obligation in the nature of an escrow. The trust deed was not delivered to a stranger subject to a contingency, or to be held by a third person until the money evidenced by the bond was paid by the grantee or payee to the defendant Hurley. All that was required in the way of delivery, to give the instrument full force and effect, was fully performed. A corporation can act only through its officers and authorized agents, and it clearly appears that the business under consideration was thus transacted. Section

3231 of the Complied Laws is as follows: "A grant cannot be delivered to the grantee conditionally. Delivery to him or to his agent as such, is necessarily absolute; and the instrument takes effect thereupon, discharged of any condition on which the delivery was made." The above statute, which is in complete harmony with the definition of an escrow, and fully consistent with the frequent decisions of the courts, renders further comment unnecessary. As between the maker of a written instrument and a *bona fide* holder for value without notice, the delivery was complete and beyond recall.

Counsel for appellant, basing their agument upon the hypothesis that the note in suit is a negotiable instrument, transferred to plaintiff in good faith for value before due, confidently maintain that it is now free from any equities or defenses, existing between the Hurleys and the American Mortgage & Investment Company, and that the judgment for plaintiff thereon should not have been vacated nor disturbed. The following is a copy of the note: "Madison, Dakota, Dec. 24th, 1887. On the first day of Jan'y, eighteen hundred and ninety-one, for value received, we promise to pay to the American Mortgage & Investment Company, or order, six hundred dollars, with interest thereon at the rate of 7 per centum per annum, payable semiannually, according to the tenor of ten interest coupons hereto attached. * * * If any part of the principal is not paid at maturity, it shall bear interest at the rate of twelve per cent, per annum, payable annually; and, if any interest remains unpaid twenty days after due, the principal shall become due and collectible at once without notice, at the option of the holder." Upon the authority of Hegeler v. Comstock, 1 S. D. 138, 45 N. W. 331, respondents' counsel contend that the foregoing is not a negotiable instrument; and thus a question of importance, if not decisive of the appeal, is presented for our consideration. If the note is subject to all defences existing between the original parties, the order granting a new trial must be in all respects affirmed. The provision in the note in the case

of Hegeler v. Comstock, considered by this court and found to be sufficient to destroy its negotiability, is as follows: "With interest from date until paid at the rate of ten per cent, per annum; eight per cent if paid when due." While, in the opinion of the writer a promissory note, otherwise unobjectionable, meets the requirements, and stands the test of negotiability, when there is no date at which the exact amount then due cannot be ascertained by inspection and computation, this court has placed itself in line with a class of authorties which require such a degree of certainty that the exact amount to become due and payable at any future time is clearly ascertainable at the date of the note, uninfluenced by any conditions not certain of fulfillment; and the rule thus established must control cases subsequently arising, where the facts are substantially the same. But, in our opinion, the note in suit is clearly distinguishable from the note in the case of Hegeler v. Comstock, *supra.* That note is inherently uncertain as to the rate of interest that will be paid for the use of the money. There is nothing from which the payee or purchaser can determine with certainty the amount which he will realize upon his loan or investment, or the rate of interest that the note is drawing, until by reason of its dishonor it has lost every element and incident of negotiability. The same cannot be said concerning the note before us. If the maker of this note fails to perform his contract, he becomes absolutely liable to pay 12 per cent interest after a default exists; but the rate of interest before dishonor is unconditionally fixed at 7 per cent, and no act or omission of either party can change the stipulated rate of interest, which is, in effect, 7 per cent from date till due, and 12 per cent, thereafter, and, as there seems to be no condition not certain of fulfillment, we characterize and regard the note as a negotiable instrument. It was said in Towne v. Rice, 122 Mass. 67, that "an instrument which in its terms and form is a negotiable promissory note does not lose that character because it also recites that an additional rate of interest will be paid after due." De Hass v.

Roberts, 59 Fed. 853; Crump v. Berdan, 97 Mich, 293, 56 N. W. 559.

It is further maintained by counsel for respondents that the provision authorizing the holder to declare the whole amount matured and payable, if any interest remains unpaid 20 days after due, introduces another element of uncertainty, tending to destroy the negotiability of the instrument, and, while cases may be found going to that extent, we should be reluctant to follow them. It was said in the case of Chicago, etc., Equipment Co. v. Merchants' Bank, 136 U. S, 268, 10 Sup. Ct. 999, concerning a note containing a similar provision, "that its negotiability was not affected by the fact that it might at the option of the holder, and by reason of the default of the maker, become due at a date earlier than that fixed." See, also, Roberts v. Snow (Neb.) 43 N. W. 241; Heard v. Bank, 8 Neb. 10; DeHass v. Roberts, supra; Ernst v. Steckman, 74 Pa. St. 13. In our opinion, there is no provision in the note in suit which, under the statute or mercantile law, destroys its negotiability.

It has been noticed that the interest-bearing bond which we find to be a negotiable instrument upon its face was made payable to the American Mortgage and Investment Company or order, and it is contended that the indorsement, "For value received I hereby assign the within bond, together with all our interest in, and all our right under, the mortgage securing the same," is not, as to form or effect, the indorsement required by the statute or the law merchant, and that the mere signature, "S. W. Jacobs, Prest." attached thereto, is insufficient in the absence of an indorsement by the American Mortgage and Investment Co., to constitute a valid assignment of the right, title, and interest of the payee named in the instrument. It appears from the uncontroverted evidence that S. W. Jacobs was the president of the corporation named as payee in the note, and it will be presumed, in the absence of anything to the contrary, that he was authorized to act for the corporation, and to transfer its title to the instrument. Lay v. Austin (Fla.) 7 South, 142;

Northampton Bank v. Pepoon, 11 Mass. 288; Elwell v. Dodge, 33 Barb. 336; Falk v. Moebs, 127 U. S. 597, 8 Sup. Ct. 1319; 1 Daniel, Neg. Inst. 416.

As subdivision 4 sec. 4351, Comp. Laws, provides that a transfer of a debt secured by mortgage carries with it the security the expression, "I hereby assign the within bond," is the only portion of the writing upon the back of that instrument requiring further consideration; and the phrase, "together with all our interest in, and all our rights under, the mortgage securing the same," will be regarded as unimportant. As it is clear from the evidence that the note was transferred to plaintiff for full value, before maturity, without notice of any defense on the part of the makers, plaintiff's right to enforce the collection thereof, notwithstanding the existence of a defense valid between the makers and the original payee, depends upon the character and legal effect of the transfer to plaintiff as shown by the writing upon the back of such instrument. Section 4472 of the Compiled Laws is as follows: "One who writes his name upon a negotiable instrument, otherwise than as a maker or acceptor, and delivers it with his name thereon to another person, is called an indorser, and his act is called indorsement." In order to destroy the negotiability of a promissory note, the indorsement of which specifies the indorsee, words expressly employed for that purpose must be used, and in no other manner can the instrument be rendered nonnegotiable. Comp. Laws, sec. 4478. Section 4871 is as follows: "In the case of an assignment of a thing in action, the action by the assignee shall be without prejudice to any set off or any defense existing at the time of, or before notice of, the assignment; but this section shall not apply to a negotiable promissory note or bill of exchange, transferred in good faith, and upon good consideration, before due." It is clear from the foregoing provisions that the framers of our statute did not intend to establish a more stringent or technical rule concerning the indorsement of negotiable instruments than is justified and

sustained by the commercial law, and in our opinion, the writing under consideration constitutes an indorsement, and not a mere assignment of the instrument upon which it is placed. In an English case the holder of a promissory note wrote on the back of the instrument: "I hereby assign this note, and all benefit of the money secured thereby, to John Granger, * * * and order the within-named Thomas Fox Hitchcock to pay him the amount, and all interest in respect thereof." The court said: "It amounts to nothing more than an ordinary indorsement of the note." 1 Daniel, Neg. Inst. 685b, citing Richards v. Frankum, 9 Car. & P. 221. In Sears v. Lantz, 47 Iowa, 658, the court had under consideration a note payable to John Bowman or order, indorsed as follows: "I hereby assign all my right and title to Louis Mickey. John Bowman,"—and it was held that the above assignment was equivalent to an endorsement of the note. In Shelby v. Judd, 24 Kan. 161, the court held the following to be a contract of indorsement, and not an assignment: "For value received I hereby sell and assign all my interest in the within note, and mortgage accompanying the same, to Mrs. Mary H. Bowman. Byron Judd." The following has been held to be an "indorsement," in the legal and mercantile sense of the term: "For value received I assign the within note, on condition that the property of the maker and indorsers be exhausted before recourse on me." Duffy v. O'Conner, 7 Baxt. 498. It was held in Bisbing v. Graham, 53 Am. Dec. 510, that the transferee of a negotiable promissory note was not put upon inquiry as to the equities between the original parties by the following, which was declared to be an indorsement: "For value received, I assign to William Graham or order all my right, title and interest in the within note, without recourse. Daniel Paynter." To the effect that any form which manifests an intention to transfer a negotiable promissory note is sufficient to constitute an indorsement, see Herring v. Woodhull, 29 Ill. 92; Heard v. Bank, 30 Am. Rep. 811; Rowe v. Haines, 77 Am. Dec. 101. The payee of a negotiable prom-

issory note, who wrote and signed his name to the following words upon the back thereof, was held to be an ordinary indorser: "I this day sold and delivered to Catherine M. Adams the within note." The court said: "The liability implied by indorsing a note can be qualified or restricted only by express terms." Adams v. Blethen, 66 Me. 19. In our opinion the negotiable character of the note or bond in suit was not destroyed by the indorsement upon the back thereof, and, as between the plaintiff and the defendants who executed the instrument, the defense interposed is unavailing.

Counsel for respondents confidently maintain that the instrument for the forclosure of which this suit was instituted, if not an absolute nullity, is in no sense a mortgage, and that consequently an action of this kind is unauthorized, and cannot be maintained. Section 4348 of the Compiled Laws, upon which respondents measurably rely, is as follows: "Every transfer of an interest in property, other than in trust, made only as security for the performance of another act, is to be deemed a mortgage. * * *" From a careful examination of the provisions of our statute relating to powers, user and trusts, we are confident that the writing before us is not of the character specified therein, nor does it evidence the accomplishment of any of the enumerated purposes of a trust deed; and we therefore conclude that the transfer in trust of an interest in real property contemplated in the foregoing section of the statute was not affected by this instrument made only as security for a debt, and which is interchangeably denominated a "mortgage" or "trust deed," and which contains all the essential requisites of a mortgage. In Koch v. Briggs, 14 Cal. 257, and Grant v. Burr, 54 Cal. 298, it was held, under a statute in some respects similar to ours, that a trust deed which authorized the trustee to sell and convey the land described therein, upon default of the payment of a debt, was not a mortgage requiring a foreclosure, but an absolute conveyance of the legal title from the grantor to the trustee, free from any right or equity of re-

demption; but, from an examination of the cases, it is clearly apparent that the instruments considered were materially different from the one before us. In this case the officer of the Mortgage & Investment Company, named as trustee, is not authorized in any event to sell the property, nor to do any other act in relation to the trust estate, in case of a default on the part of the maker of the note and the mortgage given to secure the same; but, on the contrary, it is expressly provided, in case of a default, that "this mortgage or trust deed" may be foreclosed at the option of the holder of the note, by action or by advertisment, as provided by article 1 of chapter 2 of the Compiled Laws. It was said by Chief Justice DIXON, speaking for the court in Marvin v. Titsworth, 10 Wis. 261; that "the test, whether the conveyance is a mortgage or a trust, is to be determined by the question whether the trust is to be executed by the creditor or a third party. If by the former, it is a mortgage; if by the latter, a trust." In this case the power to foreclose and sell the property, subject to the equity of redemption is vested in the party for the security of whose debt the instrument was executed, and, as it is confessedly obvious that the parties intended to make a contract that would operate as a mortgage, we so characterize without hesitation the instrument before us. When the mortgaged premises were conveyed by the trustee, the defendant Hurley was evidently aware that the trust deed and note had been placed beyond the control of the mortgagee and trustee, as the bond, in which it was agreed that the property should be reconveyed by the trustee to Hurley, expressly recites that the defendants were unable to cancel or redeliver the note secured by the mortgage, and, in consideration of a discontinuance of his suit to obtain a cancellation thereof, this indemnifying bond was executed by the defendant mortgage company, and by E. H. Jacobs, trustee; and thereupon the defendant Hurley dismissed his suit, brought to regain possession of the note and concellation of the mortgage, and took the bond executed for $1,000 by such mortgagee and

trustee, conditioned that they would indemnify and save him harmless against loss or damage that he might sustain by reason of said lien upon his property; and it is reasonable to presume that he knew, or at least under the circumstances ought to have known, that the note had been negotiated or placed in the hands of some one who would attempt to enforce its collection, and that he elected to rely upon the bond executed for his protection. He is furthermore charged with a knowledge of the recitals and legal effect of the trust deed, given by him to secure the note transferred to plaintiff, and that such security inured to her benefit, and that the trustee named therein had no authority to reconvey the incumbered premises until the note was fully paid. We therefore conclude that the reconveyance by the trustee, as between the defendant Hurley and the plaintiff, was insufficient to defeat his rights under the instrument, which we deem a mortgage, and which was executed by the defendant Hurley to secure the payment of the note in suit, and which contains the following provision: "A reconveyance of the premises is to be made at the expense of the party of the first part, on full payment of the indebtedness." As previously observed, plaintiff took no assignment of the mortgage at the time she purchased the note, and none was of record when the defendant Fitzgerald made a loan of $300 to the defendant Hurley, and took a mortgage upon the premises to secure the payment thereof; and as the recorded deed from the trustee, Jacobs to the defendant Hurley, appeared to reinvest him with the unincumbered title to the property, Fitzgerald was justified, in the absence of any knowledge to the contrary, in presuming that plaintiff's had been paid; and upon the authority of Merrill v. Luce (S. D.) 61 N. W. 43, we are of the opinion that the mortgage lien of the defendant Fitzgerald is superior to plaintiff's mortgage, and the order appealed from is therefore affirmed.