184:35 LRA
35 LRA

## MARKEY *v.* COREY.[1]

1. Bills and Notes—Indorsement.

    Upon transferring a promissory note, the payee wrote the following upon the back of the note, above his signature "I hereby assign the within note" to M. and S. *Held*, that he was not thereby relieved from liability as indorser.

---

[1] This case, as reported in 36 L. R. A. 117, has a note respecting the assignor of a promissory note as an indorser.

2. SAME—NEGOTIABILITY.

    The negotiability of a promissory note is not destroyed be-
cause of an indorsement thereon that it is given in accordance
with a certain contract, although the note is one of a series
which, by the terms of such contract, were to become pay-
able, at the option of the payee, on failure to pay any of them.

Error to Wayne; Lillibridge, J. Submitted October
25, 1895. Decided December 31, 1895.

*Assumpsit* by Matthew M. Markey and Catherine
Sundars against Lorenzo Corey, impleaded with George
H. Waldo and Alden M. Varney, on a promissory note.
From a judgment for plaintiffs, defendant brings error.
Affirmed.

*Edgar Weeks* (*Moore & Moore.* of counsel), for ap-
pellant.

*Ervin Palmer*, for appellees.

LONG, J. Defendant Corey entered into a written
contract with Waldo and Varney for the sale of certain
personal property at the sum of $2,500, payable $200 the
first year, $500 the second, and $600 each year thereafter,
until the whole amount should be paid, according to five
promissory notes executed at the same time. The con-
tract also provided that certain stock should be deposited
by the purchasers as further security for the payments.
It was then provided:

    "But in case said payments shall not be made as above
provided, and in case either or any of said payments shall
remain unpaid for the period of 90 days, then the party
of the first part shall, at his option, have the right to de-
clare the whole remaining amounts represented by said
notes to have become due and payable."

    On the face of each of the promissory notes was
written:

"This note is given in accordance with the terms of a certain contract under the same date, between the same parties."

Subsequently the plaintiffs received from defendant Corey an assignment of all his right, title, and interest in and to the contract, stock, and notes. On the back of the note in suit was indorsed:

"I hereby assign the within note to Matthew M. Markey and Catherine Sundars."

This $500 note was not paid, and was protested, and the plaintiffs brought this suit upon it against Waldo and Varney as makers, and Corey as indorser. The declaration was upon the common counts in *assumpsit*, with a copy of the note attached. On the trial, however, the court permitted the plaintiffs to amend the declaration by averring the assignment of the contract and note. The case proceeded to trial, and plaintiffs' counsel offered in evidence the note and indorsement of assignment on it, together with the certificate of protest. Defendant's counsel objected to their introduction as against defendant Corey, claiming (1) that the note in question was not a promissory note, and that plaintiffs could not recover upon it against Corey as indorser, but that, if they took any title to it, it was under the assignment; (2) that the contract was evidenced by the note and the other writing, —the contract of sale. Plaintiffs' counsel then put in evidence, under objection, the contract of sale. The court thereupon directed a verdict in favor of plaintiffs for the amount of the note and interest, from which judgment defendant Corey alone appeals.

It is insisted here, by counsel for defendant Corey:

1. That, if the plaintiffs took title to the note, it was under the assignment, and that, therefore, they could not sue in their own names, but, if they had a right of action, it must be brought in the name of the original party to the contract.

2. That the two papers must be taken as constituting

the contract, and that the note was not, therefore, a promissory note.

. 3. That Corey, by making the assignment to the plaintiffs, was not the indorser of the note, and could not be held liable as such.'

The usual mode of transfer of a promissory note is by simply writing the indorser's name upon the back, or by writing also over it the direction to pay the indorsee named, or order, or to him or bearer. An indorsement, however, may be made in more enlarged terms, and the indorser be held liable as such. In *Sands* v. *Wood*, 1 Iowa, 263, the indorsement was, "I assign the within note to Mrs. Sarah Coffin." In *Sears* v. *Lantz*, 47 Iowa, 658, the indorsement on the note was, "I hereby assign all my right and title to Louis Meckley." And in each case the party so assigning was held as indorser, the court in the latter case saying of *Sands* v. *Wood:* "He used no words that, in and of themselves, indicated that he had bound or made himself liable in case the maker, after demand, failed to pay the note. But it was held the law, as a legal conclusion, attached to the words used the liability that follows the indorsement of a promissory note." See, also, *Duffy's Adm'r* v. *O'Conner*, 7 Baxt. 498; *Shelby* v. *Judd*, 24 Kan. 166; *Brotherton* v. *Street*, 124 Ind. 599.

The rule of the American cases is well stated in Daniel on Negotiable Instruments (section 688*c*) as follows:

"The question arising in such cases is a nice one, and depends upon rules of legal interpretation. The mere signature of the payee, indorsed on the paper, imports an executed contract of assignment, with its implications, and also an executory contract of conditional liability, with its implications. The assignment would be as complete by the mere signature as with the words of assignment written over it. The conditional liability which is executory is implied by the executed contract of assignment, and the signature under it, which carries the legal title; and the question is, does the writing over a signature an express assignment, which the law imports from

the signature *per se*, exclude and negative the idea of conditional liability, which the law also imports if such assignment were not expressed in full? We think not. * * * When the thing done creates the implication of another to be done, we cannot think that the mere expression of the former in full can be regarded as excluding its consequence, when that consequence would follow if the expression were omitted."

The language used in the assignment to the note in suit does not negative the implication of the legal liability of the assignor as indorser, and as the words are to be construed, as strongly as their sense will allow, against the assignor, he must be held as indorser. This rule is fully supported in *Hatch* v. *Barrett*, 34 Kan. 230. See, also, *Adams* v. *Blethen*, 66 Me. 19.

In the case of *Aniba* v. *Yeomans*, 39 Mich. 171, the assignment read as follows: "I hereby transfer my right, title, and interest of the within note to S. A. Yeomans." Mr. Justice MARSTON said in that case:

"The right or interest passing, therefore, under the usual and customary indorsement, is much greater than the mere right, title, and interest of the payee; and where the transfer, as made, only attempts to pass the title and interest of the payee of the note, no greater right or interest than he then held can pass."

In other words, the learned justice seemed to think that the words used limited the transfer to the right and title he then held. While this holding appears to be at variance with the cases elsewhere, we think it readily distinguishable from the present, as here the words are, "I hereby assign the within note to Matthew M. Markey and Catherine Sundars," and do not purport to limit the liability of Corey as an indorser.

In *Stevens* v. *Hannan*, 86 Mich. 307, the note sued upon was negotiable in form, and made payable to Batchelder, and he assigned it before maturity, as follows: "For value received, I hereby assign all interest in and to this note to Ralph E. Watson." Defendant insisted in

that case that the plaintiff could not sue in his own name, but should have sued in the name of the payee. It was said by Mr. Justice MCGRATH: "I do not think the point is well taken. * * * If Batchelder's indorsement did not affect its negotiability, then Watson's indorsement entitled the plaintiff, as holder of the note, to sue in his own name."

It must be held, therefore, that the memorandum on the note did not relieve Corey from his liability as indorser.

The court was not in error in admitting the contract in evidence, as its purpose was to show that the note was not in fact limited by its provisions, and those provisions of the contract cited did not destroy the negotiability of the note. Daniel, Neg. Inst. § 48.

The judgment must be affirmed.

The other Justices concurred.