## HOWARD v. KINCAID et al.

No. 5286. Opinion Filed December 21, 1915.

. (156 Pac. 628.)

**BILLS AND NOTES—Corporations—Indorsements—Authority of Corporate Officer.** Where a negotiable promissory note payable to the Western National Insurance Company was delivered before maturity to an innocent holder for value, there appearing upon the back thereof the following writing: "Western National Insurance Company, by R. Q. Blakeney, Treas."—and also, "For value received we hereby assign and transfer the within note, together with all my right, title, and interest in and to the mortgage deeds securing the same to C. M. Howard, Wichita, Kansas, without recourse. June 15th, 1910. Western National Insurance Co., by R. Q. Blakeney, Treas.," **held:** (1) That the writing over the last signature constitutes a qualified indorsement under the Negotiable Instruments Law (Rev. Laws 1910, secs. 4044-4239), transferring the note to the indorsee unaffected by any equities existing between the original parties thereto: (2) that, even if such writ-

ing could be treated as a mere assignment, then by reason of the signature of the payee appearing in two places upon the back of the note, it would not be clear whether such payee intended to sign as indorser or assignor, and payee is therefore deemed an indorser; and .(3) the corporation having ratified the negotiation and received the proceeds of the note, the fact that its treasurer, by indorsing it, may have acted beyond the scope of his specific powers, will not avail the makers of such note or affect their liability thereon to a holder in due course.

(Syllabus by Bleakmore, C.)

*Error from District Court, Woodward County; James W. Steen, Judge.*

Action by Arthur O. Kincaid and another against C. M. Howard. Judgment for plaintiffs, and defendadnt brings error. Reversed and remanded for new trial.

*Charles Swindall,* for plaintiff in error.

*Ledbetter, Stuart & Bell,* for defendants in error.

Opinion by BLEAKMORE, C. This action was commenced in the district court of Woodward county October 1, 1910, by Arthur O. Kincaid and Maud M. Kincaid, to cancel certain notes and mortgages executed and delivered by them to the Western National Insurance Company, alleging that the same had been procured by fraud and misrepresentation.

The Western National Insurance Company answered by way of general denial, and, further, that one of the notes mentioned in the petition had been transferred to and become the property of another. Thereafter C. M. Howard was permitted to intervene, and he alleged that he was the owner and holder of said note in due course, etc., praying judgment thereon against the plaintiffs and for foreclosure of mortgage securing the same.

Upon trial the following agreement was entered into between the parties:

."It is stipulated and agreed by. and between Arthur O. Kincaid and Maud M. Kincaid, plaintiffs herein, and C. M. Howard, intervener, that the allegations of ·plaintiffs' petition are true, save and except the ownership and possession of that certain note dated on the 10th day of June, 1910, for the sum of $3,000, becoming due and payable on the 1st day of July, 1915, with interest at 6 per cent. per annum, payable annually, and that certain mortgage securing the payment of the same given on the northwest quarter of the southwest quarter, the south half of the southeast quarter, the southeast quarter of the southwest quarter of section 31, township 23 north of range 22 east, west of the Indian meridian, in Woodward county, Okla., said· note and said mortgage being executed by the plaintiffs herein.

"It is further stipulated and agreed between said parties that said described note and mortgage were transferred to C. M. Howard for a valuable consideration before maturity thereof, and without any notice of the equities existing between the plaintiff and the defendant the Western National Insurance Company, by an indorsement on said described note as follows: 'Western National Insurance Co., by R. Q. Blakeney, Treas.,' and 'For value received we hereby assign and transfer the within note, together with all my right, title and interest in and to the mortgage deeds securing the same to C. M. Howard, Wichita, Kansas, without recourse. June 15th, 1910. Western National Insurance Co., by R. Q. Blakeney, Treas.'—and that the intervener, C. M. Howard, is now the owner and holder of said note and mortgage, and also that the Western National Insurance Company in its answer admits that one of the notes ·mentioned in plaintiffs' petition, which is the note sued upon in this action, was transferred to and became the property of another person, and is not owned by or was not the property of the defendant Western National Insurance Company at the time of the institution of the suit, and that the note referred to in the answer of the Western

National Insurance Company is the note sued upon by the intervener, C. M. Howard."

The minutes of the first meeting of the stockholders of the Western National Insurance Company, together with the by-laws of that company, were introduced in evidence to show that R. Q. Blakeney, treasurer of the company, was not empowered to indorse the note to the intervener.

The court found that the indorsement of the note in question should have been made by the president or the president and secretary of the insurance company, and that the treasurer did not have authority to indorse and transfer the same to Howard, and rendered judgment canceling said note and the mortgage securing the same.

It is insisted here on behalf of plaintiffs that the writing upon the note above set forth is not an indorsement in the sense contemplated by the Negotiable Instruments Law, but is a mere assignment of the instrument, passing the legal title thereto, subject to any defense that might be interposed by the makers in a suit thereon by the payee. In support of this contention they cite *Hatch v. Barrett*, 34 Kan. 223, 8 Pac. 129, and *Nelson v. Southworth*, 93 Kan. 532, 144 Pac. 835, wherein it is held that a similar writing upon the back of a negotiable promissory note is not an indorsement in a commercial sense, but an assignment of the note, and will not cut off the defense of the maker.

It is provided by the Negotiable Instruments Act (Rev. Laws 1910):

"Sec. 4080. An instrument is negotiated when it is transferred from one person to another in such manner

as to constitute the transferee the holder thereof. If payable to bearer, it is negotiated by delivery; if payable to order, it is negotiated by the indorsement of the holder completed by delivery.

"Sec. 4081. The indorsement must be written on the instrument itself, or upon a paper attached thereto. The signature of the indorser, without additional words, is a sufficient indorsement."

"Sec. 4110. The maker of a negotiable instrument by making it agrees that he will pay it according to its tenor, and admits the existence of the payee and his then capacity to indorse."

"Sec. 4067. * * * Sixth. Where a signature is so placed upon an instrument that it is not clear in what capacity the person making the same intended to sign, he is to be deemed an indorser."

The Negotiable Instruments Law is recognized as a substantial codification of the principles of the common law relative to negotiable instruments, with certain modifications. Section 4081, *supra*, governing the indorsement of such instruments, does not attempt to prescribe any exclusive form by which the same may be accomplished, but merely provides that:

"The signature of the indorser, without additional words, is a sufficient indorsement."

In our opinion the writing upon the back of the note in suit constitutes a qualified indorsement thereof within the intent and meaning of the law; its effect being to transfer to the indorsee the legal title to said note unaffected by any equities existing between the original parties thereto. The general rule, unchanged by the statute, we conceive to be to the same effect.

Speaking to the question involved in the case of *Dunham v. Peterson,* 5 N. D. 414, 67 N. W. 293, 36 L. R. A. 232, 57 Am. St. Rep. 556, it is said:

"No precise form of transfer was required to be adopted to pass the legal title, provided it was upon the paper itself. But the courts did insist that nothing should be done by the person negotiating it to affect the negotiable character of the paper. There must always be a transfer of the legal title, and such transfer must take such form as not to indicate a purpose to destroy the negotiable quality of the instrument. Accordingly, it had been held, and it is now the law, that the payee, if the note is not also payable to bearer, must indorse it; otherwise he manifests a purpose to assign the paper as a mere chose in action. Of course, the test is not whether, under existing laws, the legal title to a note is transferred, for this is now true as to all choses in action, whatever form the transfer of them assumes. The inquiry is twofold: First. Was the note so transferred as to pass the legal title to it at common law? Second. Does the manner of the transfer indicate a purpose to destroy the negotiable character of the instrument? The extent of the liability of the payee who indorses the note is not a decisive test. Indeed, it is no test at all. He may incur no liability whatever, as by indorsing without recourse, and yet in such a case the note has been negotiated to an indorsee within the law merchant, and the latter is protected as a *bona fide* purchaser if the other elements necessary to such protection exist. Indeed, the payee need not indorse at all, to entitle the purchaser to protection, if the note be payable to bearer, or to the payee by name or bearer. *Tescher v. Merea,* 118 Ind. 586 [21 N. E. 316]. This is also true after it has been indorsed generally by the person who is named as payee. His indorsee may, without himself indorsing it, transfer it, and cut off all defenses. On the other hand, it is elementary that the indorser may enlarge his liability without destroying the right of his indorsee

to protection as an innocent purchaser. By waiving demand and notice he changes a conditional liability into an absolute one. Yet, although such a waiver is made, the indorsee can claim the same exemption from the interposition of defenses to the paper that he could have claimed had there been no waiver. It is therefore apparent that the inquiry whether one is an indorsee of negotiable paper does not depend upon the question whether the person negotiating it has incurred the precise obligation of an indorser. He may incur more liability, or less liablity, or no liablity at all, and yet the purchaser may be an indorsee, and protected as such. Nor is the form of the indorsement material. It is an indorsement, although it is in terms an assignment. This was held at an early time in England. *Richards v. Franklin,* 9 Car. & P. 221,  And, with the exception of two states, it appears to be the law in this country. *Adams v. Blethen,* 66 Me. 19, 22 Am. Rep. 547; *Davidson v. Powell,* 114 N. C. 575 [19 S. E. 601]; *Sears v. Lands,* 47 Iowa, 658; *Sands v. Wood,* 1 Iowa, 263; *Merrill v. Hurley,* 6 S. D. 592 [62 N. W. 958, 55 Am. St. Rep. 859]; *Bisbing v. Graham,* 14 Pa. 14, 53 Am. Dec. 510; *Hailey v. Falconer,* 32 Ala. 536; *Duffy v. O'Connor,* 7 Baxt. [Tenn.] 498; *Shelby v. Judd,* 24 Kan. 166; *Brotherton v. Street,* 124 Ind. 599 [24 N. E. 1068]; *Hatch v. Barrett,* 34 Kan. 230 [8 Pac. 129]; *Crosby v. Roub,* 16 Wis. 617, 84 Am. Dec. 720. See, *contra, Aniba v. Yeomans,* 39 Mich. 171; *Hatch v. Barrett,* 34 Kan. 223 [8 Pac. 129]."

In *Markey v. Corey,* 108 Mich. 184, 66 N. W. 493, 36 L. R. A. 117, 62 Am. St. Rep. 698, involving a construction of the following writing on a note: "I hereby assign the within note to Matthew M. Markey and Katherine Saunders"—the court held the same to be a good commercial indorsement. In *Adams v. Blethen,* 66 Me. 19, 22 Am. Rep. 547, a note was indorsed, "I this day sold and delivered to Katherine M. Adams, the within

note," under which the payee signed his name, the court holding:

"The defendant declares that he sold and delivered the note. Every indorser of a bill or note impliedly says the same thing by his indorsement. The defendant did sell and deliver the note, and by making that declaration over his name on the back of it he also agreed to pay the note to the plaintiff according to its tenor, upon seasonable notice, if the maker did not pay it."

In *Davidson v. Powell*, 114 N. C. 575, 19 S. E. 601, it was held that the following over the payee's signature was a good commercial indorsement of the note: "I assign over the within note to S. M. Powell."

In *Sears v. Lantz*, 47 Iowa, 658, the following appearing upon the back of a note was held to be a good commercial indorsement: "I hereby assign all my right and title to Louis Mickly."

In *Merrill v. Hurly*, 6 S. D. 593, 62 N. W. 958, 55 Am. St. Rep. 958, it was held that the writing upon a negotiable interest bearing bond as follows: "For value received, I hereby assign the within bond, together with all our interest in, and all our right under, the mortgage securing the same, to Mary E. Merrill, without recourse. S. W. Jacobs, Prest."—constituted an indorsement, and not a mere assignment of the instrument. In that case the court said:

"As it is clear from the evidence that the note was transferred to the plaintiff for value, before maturity, without notice of any defense on the part of the makers, plaintiff's right to enforce a collection thereof, notwithstanding the existence of a defense valid between the makers and the original payee, depends upon the character and legal effect of the transfer to the plaintiff as

shown by the writing upon the back of such instrument. Section 4472, Comp. Laws, is as follows: 'One who writes his name upon a negotiable instrument, otherwise than as maker or acceptor, and delivers the same with his name thereon to another person, is called the indorser, and his act is called indorsement.' In order to destroy the negotiability of a promissory note, the indorsement of which specifies the indorsee, words expressly employed for that purpose must be used, and in no other manner can the instrument be rendered nonnegotiable."

In *Thorp v. Mindeman et ux.*, 123 Wis. 149, 101 N. W. 417, 68 L. R. A. 146, 107 Am. St. Rep. 1003, in construing the language appearing upon the back of a promissory note, *viz.*, "For value received I hereby sell, transfer, and assign the within note and the interest coupons thereto attached numbered 4 to 6, inclusive (previous interest coupons having been paid and surrendered), to Josephine Thorp, without recourse," the court held in the syllabus:

"A transfer of a promissory note under an indorsement stating a sale, transfer, and assignment of the note and interest coupons 'without recourse' does not destroy the commercial character of the indorsement, so as to make it subject to equities where the statute provides that the additional words 'without recourse' to the indorsement of a note shall not destroy its negotiability."

In Daniel on Negotiable Instruments (6th Ed.) sec. 688c, it is said:

"The mere signature of the payee indorsed on the paper imports an executed contract of assignment, with its implications, and also an executory contract of conditional liability with its implications. The assignment would be as complete by the mere signature as with the words of assignment written over it. The conditional liability which is executory is implied by the executed con-

tract of assignment, and the signature under it, which carries the legal title. And the question is: Does the writing over a signature on express assignment which the law imports from the signature *per se* exclude and negative the idea of conditional liability which the law also imports if such assignment were not expressed in full? We think not. It is from the fact that a payee assigns a bill or negotiable note by indorsement of his name on the back of it that the law implies his liability as an indorser. His relation to the instrument creates the implication, and the circumstance that he sets forth that relation, in express terms does not change it, for the maxim applies. '*Expressio eorum quoe tacitae insunt nihil operatur.*' Did the payee intend merely to pass the title he should use the words 'without recourse' or same phrase of equal import. His liability is implied without words expressly creating it. To be negatived, words should be used which negate the implication."

It will be noted that the signature "Western National Insurance Company, by R. Q. Blakeney, Treas.," appears both above and below the words which it is urged by plaintiffs do not constitute an indorsement, but a mere assignment of the note. The first signature, standing alone, is a "sufficient" indorsement under the statute. By reason of the signature of the payee appearing in two places upon the instrument (if the language employed over the last one could be treated as an assignment), it would not be clear in which capacity the corporation intended to sign, whether as indorser or assignor. It was to settle any such doubt arising from the ambiguous location of a signature that section 4067, Rev. Laws 1910, was enacted, providing that:

"Where a signature is so placed upon the instrument that it is not clear in what capacity the person mak-

ing the same intended to sign, he is to be deemed an indorser."

See *Germania Nat. Bank v. Mariner,* 129 Wis. 544, 109 N. W. 574.

It is immaterial whether R. Q. Blakeney, as treasurer of the payee corporation, was empowered under its by-laws to indorse the note in question; for it is clear from the stipulation and the pleadings that the corporation received the proceeds of the note from the indorsee, and ratified the act of its treasurer in indorsing it. Plaintiffs, as makers of the note, admitted the capacity of the corporation to indorse it, and cannot take advantage of the alleged fact that its officer, in executing the indorsement, acted beyond the scope of his powers. Even if the indorsement had been in excess of the corporate powers of the insurance company (which is not the case), such want of capacity of the corporation would not avail the plaintiffs or affect their liability under the statute, which provides (section 4072, Rev. Laws 1910):

"The indorsement or assignment of the instrument by a corporation or by an infant passes the property therein, notwithstanding that from want of capacity the corporation or infant may incur no liability thereon."

The judgment should be reversed, and the case remanded for a new trial.

By the Court: It is so ordered.