# Pulaski Avenue.

*Road law—Vacation of streets—Omission of street from plan—Statute of limitations—Estoppel.*

Where the proper authorities in a city of the first class adopt and confirm a new plan of streets from which a portion of a previously existing street is omitted, the confirmation of such plan operates as an immediate vacation of the portion of the street omitted, and the statute of limitations begins forthwith to run against landowners injured by the vacation. The right of an assignee of the damages can rise no higher than that of his assignor.

Argued Jan. 16, 1912. Appeal, No. 175, Jan. T., 1911, by Emil Wahl Manufacturing Company, from order of C. P. No. 1, Phila. Co., June T., 1909, No. 4388, quashing petition for appointment of viewers. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Petition for appointment of viewers.

In addition to the facts set forth in the opinion of the Supreme Court, and in the report of Pulaski Avenue, 33 Pa. Superior Court 108, it appeared that the right to claim damages for the vacation of Pulaski avenue had been assigned by the original owners to the Emil Wahl Manufacturing Company, the petitioner, and that this assignment had been made after the decision of the Superior Court had been rendered.

The court dismissed the petition.

*Error assigned* was order dismissing the petition.

*Theodore F. Jenkins,* with him *William W. Staake,* for appellant.

*Abraham M. Beitler,* with him *Edward Hopkinson, Jr.,* for appellee.

PER CURIAM, February 19, 1912:

On June 22, 1905, this appellant filed its petition in the court of quarter sessions of Philadelphia county, asking for the appointment of viewers to assess damages which it alleged had resulted to it from the vacation of Pulaski avenue. That petition was quashed, and, on the petitioner's appeal to the superior court, the action of the court below was affirmed. The first reason given for affirming it was that, as Pulaski avenue, between Ruffner street and Roberts avenue, had been omitted from a new plan of streets adopted by the board of surveyors on June 3, 1895, that portion of the avenue had been absolutely vacated from the time of the adoption of the new plan, and the statute of limitations barred any claim for damages made more than six years after the vacation: Pulaski Avenue, 33 Pa. Super. Ct. 108. On August 10, 1909, the appellant filed in the common pleas the petition now before us. It sets forth substantially the facts that appeared in its quashed petition in the quarter sessions, and was filed for the same purpose. It was quashed because the court of common pleas was of opinion that the controlling questions involved had been passed upon by the Superior Court adversely to the petitioner in its appeal from the order of the court of quarter sessions quashing its petition filed in 1905.

Though the appellant may not have been the party legally entitled in 1905 to receive damages, if any were recoverable, for the vacation of Pulaski avenue, its right now can rise no higher than that of its assignors then, and, in the proceeding then instituted by it against the city of Philadelphia, it was definitely ruled by the Superior Court that a claim made by any one in 1905 for the first time, for damages resulting from the vacation of Pulaski avenue, was too late. From this ruling of the Superior Court, to which the appellant had appealed, it took no appeal, and the law as announced by that court became, as to the parties in that

proceeding—who are the same in this—the law in the controversy between them, and the learned court below correctly so held: Bolton v. Hey, 168 Pa. 418; Pulaski Avenue, 220 Pa. 276. Interest reipublicae ut sit finis litium.

Appeal dismissed with costs.