No. 19,136.

E. H. FARNSWORTH, *Appellee,* v. WM. S. BURDICK et al., *Appellants.*

SYLLABUS BY THE COURT.

PROMISSORY NOTE — *Form of Indorsement — Indorsee Became Holder in Due Course.* Under the negotiable instruments law (Gen. Stat. 1909, §§ 5247-5446), a writing in these words, "I Hear By assine this note over to E. H. Farnsworth this the Nov. 1st, 1910," signed by the payee, on the back of a negotiable promissory note, complete and regular on its face, accompanied by delivery to the person named in the writing, is an indorsement of the note; and one who takes the note in good faith, for value, before it is due, without notice that it had been previously dishonored, and who, at the time he takes it, has no notice of any infirmity in the note or defect in the title of the person negotiating it, becomes the holder thereof in due course, and holds it free from any defect of title of the payee, and free from defenses available to the maker against the payee, and may enforce payment of the note for the full amount thereof, against the maker.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed April 10, 1915. Affirmed.

*H. A. Ewing, S. A. Gard,* and *G. R. Gard,* all of Iola, for the appellants.

*R. H. Bennett,* and *R. E. Cullison,* both of Iola, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an action to recover on a promissory note. Judgment was rendered in favor of the plaintiff. The defendants appeal.

The defendants, Wm. S. Burdick and A. M. Ewing, in consideration for a tract of land in Mercer county, Missouri, gave a stock of goods in Iola, Kan., a negotiable promissory note for the sum of $500, signed by all the defendants, and assumed an encumbrance on the land for the sum of $890. The trade was made with, and the note given to, J. A. Wheeler, who negotiated the note to the plaintiff by writing on the back thereof: "I Hear By assine this note over to E. H. Farnsworth this the Nov. 1st, 1910," signed it, and delivered it to the plaintiff. The plaintiff became the holder of the note before it was due, without any notice that it had been previously dishonored. He took it in good faith, and for value. At the time it was negotiated to him he had no notice of any infirmity in the note or defect in the title of J. A. Wheeler. The note is complete and regular on its face. The defense is, failure of consideration for the note. Is this defense good?

Prior to the passage of the negotiable instruments law (Gen. Stat. 1909, §§ 5247-5446), this court, in *Hatch v. Barrett,* 34 Kan. 223, 8 Pac. 129, said:

"A writing upon the back of a promissory note, transferred before maturity, in these words: 'State of Arkansas, County of Washington, ss.: I, James C. Rogers, do hereby assign the within note to Charles B. Hatch, of Osage county, Kansas. Said assignment is made without recourse on me, either in law or equity.

—J. C. Rogers.   Signed in the presence of H. F. Raymond, clerk county court, Washington county, Arkansas,' is not an indorsement in a commercial sense, and will not cut off the defenses of the maker."   (Syl.)

This principle was followed in *McCrum v. Corby,* 11 Kan. 464; *Hadden v. Rodkey,* 17 Kan. 429; and *Briggs v. Latham,* 36 Kan. 205, 13 Pac. 393.   At the time these decisions were rendered, the weight of authority in this country was that such a writing on the back of a note was an indorsement which cut off the equities and defenses of the maker available against the payee.

The negotiable-instruments law reduces to a certainty many things that prior to that date were in confusion.   This law contains several definitions.   One is, that " 'delivery' means transfer of possession, actual or constructive, from one person to another."   Another is, " 'holder' means the payee or indorsee of a bill or note, who is in possession of it, or the bearer thereof." Still another is, " 'indorsement' means an indorsement completed by delivery."   (Gen. Stat. 1909, § 5248.)

Section 5283 reads in part:

"An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof."

The note sued on was negotiated within the meaning of this section.   It was transferred from Wheeler to Farnsworth, and he became the holder thereof.

Section 5284 reads:

"The indorsement must be written on the instrument itself or upon a paper attached thereto.   The signature of the indorser, without additional words, is a sufficient indorsement."

This indorsement, if it is an indorsement, was written on the note itself.

Other sections of the statute are as follows:

"An indorsement may be either special or in blank; and it may also be either restrictive or qualified, or conditional.

"A special indorsement specifies the person to whom or to whose order the instrument is to be payable; and the indorsement of such indorsee is necessary to the further negotiation of the instrument. An indorsement in blank specifies no indorsee, and an instrument so indorsed is payable to bearer, and may be negotiated by delivery.

"An indorsement is restrictive which either: (1) Prohibits the further negotiation of the instrument; or (2) constitutes the indorsee the agent of the indorser; or (3) vests the title in the indorsee in trust for or to the use of some other person; but the mere absence of words implying power to negotiate does not make an indorsement restrictive.

"A restrictive indorsement confers upon the indorsee the right: (1) To receive payment of the instrument; (2) to bring any action thereon that the indorser could bring; (3) to transfer his rights as such indorsee, where the form of the indorsement authorizes him to do so; but all subsequent indorsees acquire only the title of the first indorsee under the restrictive indorsement.

"A qualified indorsement constitutes the indorser a mere assignor of the title to the instrument. It may be made by adding to the indorser's signature the words 'without recourse,' or any words of similar import. Such an indorsement does not impair the negotiable character of the instrument." (Gen. Stat. 1909, §§ 5286, 5287, 5289-5291.)

The indorsement in this case is special, in that it specifies the person to whom the note is made payable. It is absolute and unrestrictive. It is not a qualified indorsement, unless the use of the word "assign" makes it a qualified indorsement. It is not a conditional indorsement.

Section 5305 reads:

"A holder in due course is a holder who has taken the instrument under the following conditions: (1) That it is complete and regular upon its face; (2) that he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact; (3) that he took it in good faith and for value; (4) that at the time it was negotiated

to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

Section 5310 reads:

"A holder in due course holds the instrument free from any defect of title of prior parties and free from defenses available to prior parties among themselves, and may enforce payment or [of] the instrument for the full amount thereof against all parties liable thereon."

If this note is complete and regular upon its face, if Farnsworth became the holder of it before it was overdue and without notice that it had been dishonored (there is no evidence to show that it was dishonored), if he took it in good faith and for value, if at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of J. A. Wheeler, then he became the holder thereof in due course, and took the note free from any such defect, and free from defenses available to these defendants against J. A. Wheeler, and may enforce payment for the full amount of the note, under the statute.

Section 5316 reads:

"A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

When Wheeler placed his name on this note, he did not do it as maker, drawer, or acceptor, and is therefore deemed to be an indorser, unless the word "assign," used by him, indicates "his intention to be bound in some other capacity." The authorities seem to be in utter and hopeless confusion concerning the effect of the transfer of a negotiable instrument by words like those used here. This confusion existed prior to the passage of the uniform negotiable-instruments law, and still exists. The weight of authority was, and is, that this is a commercial indorsement. We are of the

48—94 KAN.

opinon that the "assignment" of this note is an indorse-
ment thereof under the negotiable-instruments law;
that Farnsworth is a holder in due course; and that the
makers of the note can not set up the defenses against
the note that could have been set up against it in the
hands of Wheeler. This disposes of the case and com-
pels an affirmance of the judgment. The judgment is
affirmed.