# Davis *v.* First National Bank of Blakely.

## *Assumpsit.*

(Decided April 22, 1915. 68 South. 261.)

1. *Bills and Notes; Payable to Bearer; What Constitutes.*—Where a note payable to the maker was endorsed by him in blank, and there was no other endorsement, it was payable to bearer under subdivision 5, of section 4966, Code 1907.

2. *Same; Negotiation by Delivery; Legal Holder.*—Where a note was payable to bearer, and was endorsed by him, and negotiated to plaintiff, and its predecessor, by delivery, plaintiff was the legal holder thereof, and entitled to sue thereon, although it was not endorsed by plaintiff's predecessor. (Sections 4985, 4989, Code 1907.)

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Assumpsit by the First National Bank of Blakely against B. F. W. Davis. Judgment for plaintiff, and defendant appealed, and the case is transferred from the Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

The note was made payable to "the order of myself," signed by B. F. W. Davis, and indorsed in blank by B. F. W. Davis. The defendant objected to the introduction of the note because it was not shown that the title to same was in plaintiff. The cashier of the bank testified that the note was acquired by the bank at its place of business, without knowledge of what it was given for; and that the bank acquired it from the St. George Island Company.

WM. L. LEE, for appellant.

B. G. FARMER, for appellee.

ANDERSON, C. J.—(1, 2) The note sued upon was executed by B. F. W. Davis and was made payable to

[Porter, Eppes & Redd v. Tate Furniture Co.]

himself and was indorsed by said Davis in blank before it fell into the hands of the plaintiff. Therefore, as the last, and in fact only, indorsement was in blank, the note was, when acquired by the plaintiff, payable to bearer.—Subdivision 5, § 4966, of the Code of 1907. This being the case, it was negotiated to the plaintiff and its predecessor by a delivery thereof under the terms of section 4985 of the Code. See, also, section 4989. The trial court did not err in holding that plaintiff was the legal holder of the note and could maintain a suit upon same, although not indorsed by the party from whom it purchased same.

The judgment of the circuit court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.