No. 19,136.

E. H. FARNSWORTH, *Appellee*, v. WILLIAM S. BURDICK et al., *Appellants*.

### OPINION DENYING A REHEARING.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion denying a rehearing filed June 12, 1915. (For original opinion of affirmance see 94 Kan. 749, 147 Pac. 863.)

*H. A. Ewing, S. A. Gard,* and *G. R. Gard,* all of Iola, for the appellants.

*R. H. Bennett,* and *R. E. Cullison,* both of Iola, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: In this case, a motion for rehearing has been filed, alleging that this court probably overlooked *Nelson v. Southworth,* 93 Kan. 532, 144 Pac. 835; that the court is mistaken as to the weight of authority on the effect of the word "assign" in an indorsement on the back of a negotiable note; and that a party receiving a note in payment of a preëxisting debt is not a holder in due course.

In *Nelson v. Southworth,* supra, the judgment was to cancel three notes procured by Southworth by fraud. The notes were secured by mortgages. Two of them

were transferred, one to Bixby and one to Otis.   The trial court made the following finding of fact:

" 'Otis and Bixby bought their respective notes from Southworth after this action was begun against Southworth.   On the whole of the evidence, it does not appear that Otis and Bixby are innocent holders.' " (p. 538.)

One of the notes was nonnegotiable, and the other was transferred with this indorsement:

" 'For value received I hereby assign and transfer the within note and coupons together with all my interest in and all my rights under the Mortgage Deed securing the same to  .  .  .  without recourse.' "   (p. 537.)

In the Nelson-Southworth case, whether or not the holder of the negotiable note became the holder thereof in due course and held it free from any defect of title of the payee, and free from defenses available to the maker against the payee, and might enforce payment for the full amount thereof against the maker, seems not to have been an important factor in the decision of this court, and probably was not necessary to the decision of that case under the findings of the court.

Responding to the last proposition urged in the motion, we do not see why one who receives a note, by indorsement, in payment of a preëxisting debt, can not be a holder in due course.   The facts disclosed by the record were not enough to put the plaintiff, Farnsworth, on inquiry as to the good faith connected with or the consideration for the note.

We have carefully considered our previous decisions, the condition of the law on this subject in the other states, and the negotiable-instruments law of this state, and have again reached the conclusion announced in the opinion on this case shown in *Farnsworth v. Burdick*, 94 Kan. 749, 147 Pac. 863, to which we now adhere.

The petition for a rehearing is denied.