(77 South. 413)

DAVIS et al. v. FLOREY et al.    (7 Div. 429.)

(Court of Appeals of Alabama.    June 26, 1917.
Rehearing Denied Nov. 13, 1917.)

1. BILLS AND NOTES ⊜➔443(3) — ACTIONS — PARTIES—"HOLDER."

In a suit on a promissory note, the fact that the original payees assigned it by separate writing to the holders, who retained the same partnership name as the transferors, does not prevent them from being "holders" of the note within Code 1907, § 5006, authorizing the holder of a negotiable instrument to sue thereon in his own name.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Holder.]

2. BILLS AND NOTES ⊜➔443(3) — TRIAL — STRIKING OUT EVIDENCE.

In a suit on a promissory note assigned by the payees under a separate writing, it was not error to refuse to exclude such note from the evidence.

3. BILLS AND NOTES ⊜➔499—ACTION—"BURDEN OF PROOF."

In an action on a promissory note wherein the defense of payment was set up, the burden of proving the execution of the receipts evidencing such payment was in the first instance on the defendant; "burden of proof" meaning the duty to establish the truth of a given proposition by that quantum of evidence which the law demands, and also the duty of producing evidence at any stage of the trial to make or meet a prima facie case.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Burden of Proof.]

Appeal from Circuit Court, St. Clair County; J. E. Blackwood, Judge.

Action by E. E. Florey and another, partners doing business as the Vincent Mercantile Company, against B. S. Davis and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Certiorari denied 201 Ala. 121, 77 South. 415.

Allen, Fisk & Townsend, of Birmingham, for appellants. Riddle & Ellis, of Columbiana, for appellees.

BRICKEN, J. Plaintiffs (appellees) sued the defendants (appellants) upon a written instrument, in form a note, alleging that the instrument sued on was the property of the plaintiffs. The suit was begun March 9, 1915. The business was conducted as the "Vincent Mercantile Company," a partnership composed originally of E. E. Florey and E. M. Martin.

Plaintiffs introduced (after proof) a bill of sale from E. E. Florey and E. M. Martin, of date April 27, 1914, conveying to E. E. Florey and T. G. Florey certain notes and mortgages, among them the instrument sued on. While the witness T. G. Florey was being examined, the defendant brought out the fact that on April 24, 1914, E. M. Martin had made a written transfer to T. G. Florey of all her interest in the partnership of the Vincent Mercantile Company, in the following words: "Do bargain, sell, set over, deliver and convey unto T. G. Florey all my right, title, and interest in and to all or any part of the stock of goods, general merchandise, and personal property of every character, owned by me as a partner in the firm of Vincent Mercantile Company" —also expressing a valuable consideration therefor. The defendants introduced this transfer, and then moved the court to exclude from the evidence the written instrument sued on. Defendants interposed, among others not necessary to be mentioned, the plea of payment, and in support thereof, introduced two receipts signed by the Vincent Mercantile Company, per Martin, the husband of E. M. Martin, at one time connected with the business, but who had died before the trial. The plaintiffs disputed the receipts, and introduced evidence tending to show that the signature was not that of Martin. Defendant and his daughter testified to the payments and the giving of the receipts.

The defendants requested the following charge, which the court declined to give:

"(2) The court charges you, gentlemen of the jury, that the burden of proving the invalidity of the two receipts held by the defendants, in the sum of $400 and $175 respectively, if their validity is questioned, is upon the plaintiff."

[1] The first assignment of error is:

"The court erred in overruling objections of appellants to the introduction in evidence of the transfer or assignment from E. M. Martin and E. E. Florey dated April 27, 1914."

The recitals of the record relied upon to support this assignment are that defendants objected to the introduction of the transfer dated the 27th day of April, 1914, for the reason that the note offered in evidence was payable to the Vincent Mercantile Company, a partnership then composed of E. M. Martin and E. E. Florey, while this action was brought in the name of E. E. Florey and T. G. Florey, they being two different legal entities, and that this action cannot be maintained by the plaintiffs suing, except as transferees.

The instrument sued on was a sum certain, payable on a specific date to "Vincent Mercantile Company or bearer." Under section 4985 of the Code of 1907, a delivery of the instrument was a negotiation in such manner as to constitute the transferee the holder thereof. Section 5006 of the Code of 1907 authorizes the holder of a negotiable instrument to sue thereon in his own name. The fact, therefore, that the original payees assigned the note by separate writing to the present plaintiffs, retaining the same partnership name, could not prevent the present plaintiffs from being holders of the note within the meaning of the statute (section 5006 of the Code of 1907).

[2] The court did not err in refusing to exclude the note or instrument evidencing

⊜➔For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the debt. Davis v. First Nat. Bank, 192 Ala. 8, 68 South. 261; Sherrill v. Merchants' & Mechanics' Trust & Savings Bank, 195 Ala. 175, 70 South. 723. The insistence of counsel for appellant that the transfer of April 27, 1914, should have been excluded because, as it appears, subsequent to its introduction another transfer of April 24, 1914, had taken out of E. E. Florey and E. M. Martin all the title in them to the particular written instrument, finds no support in the record. The recital of the record shows a motion to exclude the note, not the transfer of April 27, 1914. If it be conceded that this supports the second assignment, as to the exclusion of the note, it is without merit; for, if the first transfer had the effect contended for, it supported the allegation that the note was the property of the present plaintiffs.

[3] The term "burden of proof" has two distinct meanings, as gathered from the weight of authorities. In one sense it means the duty to establish the truth of a given proposition or issue by that quantum of evidence which the law demands in such a case in which the issue arises. In the other sense, it means the duty of producing evidence at the beginning, or any subsequent stage of the trial, in order to make or meet a prima facie case. Payment, tender, and readiness to pay are affirmative pleas, casting the burden upon the defendant. 10 Ruling Case Law, 899. Here the items composing the account which was the consideration of the note sued on were not disputed; the contention of the defendant being that he was entitled to certain credits, two of which were evidenced by the receipts mentioned. Hence the case of Pollak v. Winter, 166 Ala. 255, 51 South. 998, 52 South. 829, 53 South. 339, 139 Am. St. Rep. 33, is an authority against rather than authority supporting charge 2, refused to the defendants.

Charge 2 assumes that the signature to the receipts offered in evidence was genuine, while under the evidence this was a question for the jury. It was incumbent upon the defendant in the first instance to prove the execution of the receipts, and this burden the charge ignores.

The judgment of the trial court is affirmed.

Affirmed.