## Standard Engineering & Construction Co., Appellant, v. Smyser-Royer Co.

*Bankruptcy—Federal Act—Set-off—Assigned claim—Municipal Court of Philadelphia—Jurisdiction—Practice, Municipal Court.*

Where a corporation assigns a nonnegotiable chose-in-action, with due notice to the debtor, and subsequently the corporation is adjudicated a bankrupt, the debtor in a suit against him by the assignees in the name of the assignor to the use of the assignees, may set off a claim, notwithstanding Section 57n of The Bankruptcy Act, to the extent of the amount of the chose-in-action, which he had against the bankrupt, although such claim was not proved against the bankrupt's estate, and the bankrupt had been discharged more than a year before the suit was brought. In such a case the set-off is good against the use-plaintiff inasmuch as the assignees acquired no greater right against the debtor than the assignor had.

Where the claim was for $210, and the counterclaim was for $4,375 the counterclaim was good in so far as it extinguished the liability for $210, and for this purpose the Municipal Court of Philadelphia had jurisdiction.

*Practice, Municipal Court of Philadelphia—Counterclaim—Failure to reply—Rule of court.*

Where in an action of assumpsit in the Municipal Court of Philadelphia County, no reply is made to a counterclaim, and no evidence is introduced relating to it, the plaintiff will be held to have admitted the facts contained in the counterclaim, under Rule 9 of the Municipal Court.

Argued Oct. 5, 1917. Appeal, No. 121, Oct. T., 1917, by plaintiff, from judgment of Municipal Court, Philadelphia Co., Oct. T., 1916, No. 221, on verdict for defendant in case of Standard Engineering & Construction Co. to use of D. A. Daly and Frederick Wielandt, trading as Daly, Wielandt & Company, v. Smyser-Royer Company. Before ORLADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit on an agreement to pay $210. Before WHEELER, J.

From the record it appeared that on January 31, 1914, the Standard Engineering and Construction Company and the Smyser-Royer Company entered into a contract calling for certain iron for the Philadelphia Institution for Feeble Minded. Under this contract the construction company was to pay Smyser-Royer Company the sum of $4,975 from time to time as the work progressed. Smyser-Royer Company completed its contract about June of 1914, when there was due to it by the construction company $4,477.06. The construction company and Smyser-Royer Company had various dealing with each other, and in January of 1915 the Smyser-Royer Company wrote a letter to the construction company to the effect that if the construction company would cancel a contract it had for certain work with one R. C. Ballinger, so that a new contract for the same work could be entered into direct with Ballinger by the Smyser-Royer Company, the Smyser-Royer Company would pay the construction company $210 when they had received payment in full under the contract with Ballinger. Under this letter $210 became due by Smyser-Royer Company on January 24, 1916, when that company received its final payment from Ballinger. On January 15, 1915, the construction company assigned this agreement to the use-plaintiffs, Daly, Wielandt & Company, who on February 17, 1915, notified the Smyser-Royer Company of this assignment. Subsequently the Standard Engineer-

ing and Construction Company was adjudicated a bankrupt. It appeared that the Smyser-Royer Company did not prove its claim against the Standard Engineering and Construction Company in bankruptcy.

Defendant presented, inter alia, the following point:

6. The plaintiff in this case, the Standard Engineering & Construction Co., was adjudged a bankrupt in February, 1915. Defendants had notice of the fact that the Standard Engineering & Construction Co. was adjudicated bankrupt. Under the law defendants were compelled to prove this claim against the bankrupt estate within one year from the adjudication of bankruptcy—this they failed to do—they cannot, therefore, prove this claim in this court by means of this set-off, and your verdict must be for the plaintiffs.

Refused.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned,* among others, were (7) refusal of above point, quoting it, and (10) in directing a verdict for defendant.

*Michael Barnett,* with him *E. P. Gallagher,* for appellants.—In an action by an assignee, a debtor cannot set up a counterclaim against the assignor, bankrupt subsequent to the assignment, where the debtor has failed to present, file or prove his counterclaim against the bankrupt within the time required by law: In re Shaffer, 104 Fed. Rep. 982; Bray v. Cobb, 100 Fed. Rep. 270; In re Meyer, 181 Fed. 904; In re Paine, 127 Fed. 246; Hurwitz v. Evans, 40 Pa. C. C. R. 667; Gilmore v. Reed, 76 Pa. 462.

A debtor cannot set off against a claim of an assignee a claim against the assignor arising out of a different transaction: First Nat. Bank, Etc., v. Tustin, 246 Pa. 151; Interstate Distributing Co. v. Connell, 46 Pa. Su-

perior Ct. 551; Tagg v. Bowman, 99 Pa. 376; Westinghouse, Etc., Co. v. Wilson, 63 Pa. Superior Ct. 294.

In an action of assumpsit the Municipal Court has no jurisdiction of a counterclaim over $600 in amount: Berko v. Kemper Construction Co., 65 Pa. Superior Ct. 589; Collins v. Collins, 37 Pa. 387; Davis-Colby, Etc., Co. v. Rodgers, 191 Pa. 229; Anderson v. Williams, 10 Pa. Superior Ct. 329; Ballingall v. Kite, 41 Pa. Superior Ct. 428.

*Frederick C. Newbourg, Jr.,* for appellee.—The precise question involved in this case was considered in Norfolk & Western Ry. Company v. Graham, 145 Fed. Rep. 809; see also In re Lesher, 176 Fed. Rep. 650.

OPINION BY WILLIAMS, J., December 13, 1917:

In an action of assumpsit on an agreement to pay $210, defendant pleaded a set-off of $4,375, due it from the legal plaintiff.

The evidence at the trial was that the legal plaintiff had been discharged in bankruptcy more than a year before the presentation of the defendant's claim in this suit, which claim had not been proved in bankruptcy. The court below held that it was, pro tanto, a good set-off, and reserved a point as to whether it was invalidated under the provisions of Section 57n of the Bankruptcy Act of 1898. The plaintiff moved for judgment n. o. v., which the court refused, and from the judgment entered has appealed.

1. Appellant argues that the set-off could not be maintained. Section 57n provides: "Claims shall not be allowed against a bankrupt estate subsequent to one year after the adjudication; or if they are liquidated by litigation and the final judgment therein is rendered within thirty days before or after the expiration of such time, then within sixty days after the rendition of such judgment." Under this section it has been held that to the extent of the claim made against a debtor, a counter-

claim of such debtor against the bankrupt may be set off although it was not proved against the bankrupt's estate; but the surplus in favor of the creditor of the bankrupt cannot be recovered: N. & W. Ry. Co. v. Graham, 145 Fed. 809 (C. C. A.) ; and see Wagner v. Burnham, 224 Pa. 586, which reaffirms the principle in part.

2. It is further contended that the evidence raised a question for the jury. The plaintiff filed no reply to the counterclaim, introduced no evidence relating to it, and must be held to have admitted the facts alleged therein under Rule 9, of the Municipal Court.

3. The set-off was good against the use-plaintiff. The right assigned was a mere chose-in-action, not negotiable, and the assignee acquired no greater right against the debtor than the assignor had: Pulaski Ave., 235 Pa. 151.

4. The counterclaim was only good in so far as it extinguished the liability for $210, and for this purpose the Municipal Court had jurisdiction.

The judgment is affirmed.