No. 22,037.

THE E. D. FISHER LUMBER AND COAL COMPANY, *Appellee,* V.
JOHN ROBBINS, *Appellant,* et al.

### SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Indorsement—Payee's Name Written under Name of Maker—Good Commercial Indorsement.* A promissory note may be negotiated by an indorsement written upon any part of the instrument, and where a payee in transferring a note writes his name on its face and under that of the maker, it will be implied that he signed it as an indorser, and not as a maker.

2. SAME—*Holder in Due Course.* The transferee of a negotiable instrument so indorsed before maturity and without notice of infirmities or defenses, is a holder in due course.

3. SAME—*Indorsement—Holder in Due Course.* Whenever a negotiable note passes into the hands of a holder in due course, its status as commercial paper is established, and such holder may transfer it to others, even after maturity, with immunity from the equities that may exist between the maker and payee.

4. SAME—*Commercial Indorsement.* An assignment by a holder, written on the back of such a note, without limitation, to which a guaranty of payment is added, is a commercial indorsement.

Appeal from Jewell district court; RICHARD M. PICKLER, judge. Opinion filed April 12, 1919. Affirmed.

*J. R. White, Donald Stanley,* both of Mankato, *I. M. Mahin,* and *F. W. Mahin,* both of Smith Center, for the appellant.

*C. Clyde Myers,* of Mankato, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The E. D. Fisher Lumber and Coal Company recovered a judgment against John Robbins for $402.59, from which the defendant has taken an appeal.

It was based on a promissory note executed by the defendant Robbins to E. L. Dobbins, payable sixty days after date, with interest at eight per cent per annum. Dobbins sold the note to plaintiff, to whom he was indebted, and in consideration of the note he was given credit on his debt to the extent of $150, and besides, he was paid $175 in cash, and upon being asked to indorse the instrument, he signed his name on its face

under that of the maker. The plaintiff transferred the note to the Citizens Bank, and the bank noticing that Dobbins had written his name on the face of the note procured him to come in and sign it on the back. Later, and after the maturity of the note, the bank transferred it back to the plaintiff. Defendant set up as a defense that the note was without consideration, because it was given for a monument purchased from Dobbins that had proven to be worthless. Upon the evidence and under the instructions of the court, it was found that the note was transferred by Dobbins to plaintiff in good faith for value before maturity and without notice of any infirmities or defenses. If the plaintiff was a holder in due course, the note was not open to the defense alleged. Defendant urges that plaintiff does not occupy that position, because Dobbins, the payee, indorsed his name on the face of the instrument instead of upon its back, and that therefore the transfer was incomplete. There is little room for contention as to the character of the transfer. The instrument was negotiable in form, and the signature of Dobbins upon the paper was necessary to a transfer. The note itself indicated that the primary relation of Dobbins to the note was that of an indorser. He being the payee, an indorsement by Dobbins was not only contemplated but was necessary to a transfer of title. The writing of his name, therefore, on the instrument, and its delivery to another, implied a purpose to transfer title by indorsement to the transferee, and not the making of a promise of payment to himself nor to assume the liability of a maker. Although indorsements are customarily written on the back of notes, the writing of them there is not essential to a valid transfer. The negotiable-instruments law does not require it, nor does it specify on what part of the instrument the signature shall be written. It is not even required that it shall be placed on the instrument itself. That act provides:

"The indorsement must be written on the instrument itself or upon a paper attached thereto. The signature of the indorser, without additional words, is a sufficient indorsement." (Gen. Stat. 1915, § 6558.)

As the indorsement was written on the instrument itself, there was compliance with the requirements of the act, and the relation of Dobbins to the instrument, together with his signature, implied that he signed it as an indorser, and not as a

Lumber and Coal Co. v. Robbins.

maker. (*Kistner v. Peters*, 7 L. R. A., n. s., 400, and note; 3 R. C. L. 969.) If more was necessary to establish the relation of Dobbins to the note and the capacity in which he wrote his name on it, it is supplied by the placing of his name on the back of the instrument a few days after the first indorsement was made, and long before it was due.

Complaint is made of the admission of testimony to the effect that Dobbins had signed his name on the note in the capacity of indorser with the intention of transferring the title of the note to the plaintiff. If there had been ambiguity as to the relation of Dobbins to the paper, oral evidence might have been admitted to show the intention of the parties and his real relation to the paper, but since the note itself implied that he was an indorser, no oral testimony was necessary, and since the oral testimony was consistent with the tenor of the note and the implied relation of Dobbins, no prejudice could have resulted from the testimony.

Some questions are raised as to the consideration of the note, but the plaintiff being a holder in due course, the note is deemed to have been issued for a valuable consideration; and besides, the testimony shows a full consideration for the transfer, in that it was transferred in part for a preëxisting debt from Dobbins to plaintiff and for money paid to him. (Gen. Stat. 1915, §§ 6551, 6552.) Although questioned, the transfer of the note from the plaintiff to the bank amounted to a commercial indorsement. It was an assignment without limitation and also a guaranty of payment, and this has been held to pass title to the paper the same as a blank indorsement, as well as a guaranty of payment. The note being negotiable in form, the writing constituted a commercial indorsement which passed full title to the note free from equities as between the maker and the payee. (*Kellogg v. Douglas Co. Bank*, 58 Kan. 43, 48 Pac. 587; *Farnsworth v. Burdick*, 94 Kan. 749, 147 Pac. 863.)

The plaintiff being a holder in due course as the result of the original transfer, the subsequent holders acquired the rights of plaintiff, and took the note with like immunity from defenses, although some of the subsequent transfers may have been made after the note became due. It has been decided that:

"When promissory notes pass into the hands of an innocent holder for value before maturity, all equitable defenses are cut off; and although the

assignee of such holder had notice of the original infirmities of the notes, he takes by assignment all the rights of his assignor and can recover on the notes whether he acquires them before or after maturity." (*Underwood v. Fosha,* 96 Kan. 240, syl. ¶ 3, 150 Pac. 571.)

The questions discussed were raised mainly upon the instructions of the trial court, and these have been met without quoting the instructions challenged. It is enough to say that the defendant has no cause to complain of the instructions given, nor has he shown any substantial errors in the record.

The judgment is affirmed.