HARE & CHASE. INCORPORATED, RESPONDENTS, v. SIMON ENGLANDER. APPELLANT.

Argued May 8, 1924—Decided June 26, 1924.

One who takes a negotiable instrument by assignment for value, without notice that the instrument was executed on a Sunday and dated back, is a *bona fide* holder in due course, and entitled to recover from the maker of the note assigned.

On appeal from the Second District Court of Essex county.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, *Simon Englander.*

For the respondent, *Haines & Chanalis.*

The opinion of the court was delivered by

LLOYD, J. This is an appeal from the Second District Court of Essex county. The suit was on an installment note, dated October 13th, 1923, for $1,754, payable in installments of $146.17 on the 13th of each succeeding month. The first installment was paid; the second and third installments, aggregating $292.34, were unpaid, and for that amount, with interest, this action was entered in the court below and judgment rendered thereon for the plaintiff.

The case was tried without a jury. The making of the note was not in dispute, nor was there any question raised as to its being a just obligation. The sole defense was that it was executed on a Sunday and dated back, and that, being assigned instead of endorsed or delivered to the plaintiff, it was subject to any defense the maker might have against the person to whom it was given. From the proofs in the case it appeared, beyond question, that the plaintiff, a corporation, was a *bona fide* holder for value without notice of any defects. Thus, holding it was not affected by the fact that

the note was made on Sunday (*Clark* v. *Barthhold,* 87 *N. J. L.* 255), unless the method of transfer had such an effect. The note was drawn to bearer and was delivered by the defendant to the Ohio Motors Company in part payment of an automobile which was purchased on a conditional sale agreement. This agreement and the note were assigned by the motors company to the plaintiff. The claim, made by the defendant in the court below, and in this court, is, that because the note was assigned from the Ohio Motors Company, the assignment destroyed the negotiable character of the transfer from that company to the plaintiff, and this was the sole ground upon which the defendant's right to the collection of the installments due was resisted. That the note in question was a negotiable instrument is fully established in the law. 8 *C. J.* 141.

The defendant is still in possession of the automobile. Without commenting on the morality of a transaction which seeks to retain the fruits of a Sunday bargain while repudiating the obligation incurred thereby, we think it sufficient to say that we do not agree that the method of transfer in this case in anywise impaired the status of the plaintiff as a *bona fide* holder in due course. Being drawn to bearer, the note might have been passed by mere delivery, as is usual in such cases where personal liability of endorsement is to be avoided, but it is not the only way in which negotiable paper may be transferred. We think it may be as well by assignment. Either method is a mere conduit whereby the note itself is transferred in its ownership from one holder to another, and it is immaterial in what form that transfer may be. Our Negotiable Instrument act of 1902, paragraph 30, declares that "an instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee, the holder thereof." While no decision in this state on the precise point appears to have been rendered, the question was passed upon in the case of *Davis* v. *Florey,* 77 *So. Rep.* 413, and decided adversely to the defendant's claim.

Whether dating the note on a secular day did not constitute a representation by the maker to a subsequent holder without notice, which would estop him from asserting that the transaction was really a Sunday contract, it is not necessary to decide. In our view of the law the plaintiff was a *bona fide* holder in due course, and as such freed from the defense of illegality. Upon this ground the court below was right in its determination, and the judgment will be affirmed.