Peerless Heater Co. *v.* Hobson Flatware Co., Inc., Appellant.

258

Before Porter, P. J., Trexler, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Henry I. Fox*, and with him *Francis J. McCarthy*, for appellant.

*Darlington Hoopes*, for appellee.

Opinion by Baldrige, J., January 29, 1930:

This action of assumpsit was brought on a negotiable promissory note, which is in the following form:

"$1,622.00          Lansdale, Pa.          April 20, 1928

Four months after date we promise to pay to the order of B. D. Jaffe Plumbing Supply Co. ...... Sixteen Hundred and Twenty-two ...... Dollars Payable at 1st National Bank, Lansdale, Pa. Without defalcation, for value received.

                    Hobson Flatware Company, Inc.,

No.    Due 8/20.                    W. H. Hobson, Pres."

On the reverse side of the note appeared the following writing:

"B. D. Jaffe Plumbing Supply Co.,
    B. D. Jaffe,
Jack Bidnick
    The Peerless Heater Co.,
    H. B. Gambill, Treasurer.
    Pay to the order of any Bank, Banker or Trust Co. All prior endorsements guaranteed. The Farmers National Bank, 60-879 Boyertown, Pa., 60-879.
                                Allen R. Moyer, Cashier."

The plaintiff company proved at the trial that it became the holder of the note in due course before maturity and without notice of any infirmity. The defense offered in evidence, as an admission that the note was held under an assignment and not by an endorsement, paragraph 5 of the plaintiff's claim, which reads as follows:

"The plaintiff became the owner and holder of the said promissory note by assignment from the said B. D. Jaffe Plumbing Supply Co. before maturity, without notice of any infirmity in the said note, or any defect in the title of the B. D. Jaffe Plumbing Supply Co. thereto, in due course, for a valuable consideration, and is now the owner and holder of the said promissory note."

The court held that the word "assignment" should be treated as surplusage; that the statement of claim sufficiently averred that the plaintiff was a holder, in due course, of the promissory note and submitted the issues raised to the jury. A verdict was found in favor of the plaintiff and the defendant appealed.

The quoted paragraph in the plaintiff's pleadings is not drawn with commendable care and accuracy. If the note had been assigned, the plaintiff, as assignee, acquired no greater rights against the debtor than those of an assignor: In re Pulaski Avenue, 235 Pa. 151. On the other hand, if the plaintiff became the holder of the note by an endorsement, the only defense that could be set up was that the holder of

the note took it with knowledge that there was fraud or lack of consideration: Negotiable Instrument Law of May 16, 1901, P. L. 194; Lancaster County National Bank v. Garber, 178 Pa. 91; Peoples National Bank v. Hazard, 231 Pa. 552. The writing on the back of the note contradicts the theory of an assignment and supports the contention that the note was endorsed. We do not regard the inapt use of the word "assignment" as fatal to this action when every other part of the pleading is consonant with the contention of endorsement. If the defendant had regarded the plaintiff's statement uncertain, or if it had been misled by apparent contradiction in the language used, it could have sought the remedy provided by the Practice Act of May 14, 1915, P. L. 483.

There was no question raised as to any variance between the allegata and probata. The proof offered was in substantial correspondence with the plaintiff's statement and embraced all the essential elements to make out the plaintiff's case. The lower court would have erred in withdrawing the case from the jury's consideration and directing a verdict for defendant.

Judgment is affirmed.