John L. Musser, Appellant, v. William L. Fehr.

274

Argued March 12, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*George M. Roads,* and with him *Harris C. Arnold* and *John A. Coyle,* for appellant, cited: Glass Port Trust Co. v. Feightner, 300 Pa. 317; Jones County Trust Co. v. Kurt, 112 Iowa 965, 182 N. W. 409; Ebensburg Trust Co. v. Pike, 296 Pa. 462.

*Chas. E. Berger,* for appellee, cited: Peerless Heater

Co. v. Hobson Flatware Co., Inc., 98 Pa. Superior Ct. 257; Andrews v. Marsden et al., 278 Pa. 56, 59.

OPINION BY LINN, J., April 15, 1931:

This appeal is from the refusal to take off a compulsory non-suit in an action by the holder against the maker of a negotiable promissory note. As the non-suit was entered on the ground that plaintiff's proofs differ from his allegations, some detailed statement of the case seems necessary. The note, so far as now material, was as follows:

"2,000.00          Pottsville, Pa., July 3rd, 1929.

"Ninety days after date I promise to pay to the order of H. S. Zimmerman two thousand dollars, payable at Miners National Bank without defalcation for value received. William L. Fehr." It was indorsed by H. S. Zimmerman, the payee.

In the statement of claim, plaintiff averred: "2. The plaintiff, John L. Musser, become the owner and holder of the said promissory note by assignment from the said H. S. Zimmerman before maturity, without notice, in due course, for a valuable consideration, and is now the owner and holder of the said promissory note." Defendant, in his affidavit of defense, answers that averment by admitting that plaintiff "became the holder of the said promissory note by assignment from H. S. Zimmerman and that he is now holder thereof," but he also averred that the note was not taken before maturity without notice in due course, and that it was obtained from him by the fraudulent conduct of Zimmerman, the payee, (details are given), and that he was entitled to assert that defense against the plaintiff, as assignee of the note; demand, dishonor and presentation were averred and admitted.

At the trial, plaintiff put in evidence the averment quoted above, and defendant's admission. When plaintiff offered the note in evidence, defendant ob-

jected that it was not admissible unless followed by proof of the assignment averred, but the court permitted the note to go in subject to such additional proof being offered. At the close of plaintiff's case, no assignment having been proved other than the blank indorsement of the note by the payee, the court entered a non-suit, although plaintiff testified that he received the note from the payee before maturity. The reason for the non-suit is stated in the opinion filed in disposing of plaintiff's motion to take off the non-suit as follows: ''The plaintiff declared upon a promissory note, that he became the owner and holder thereof by assignment. He offered no assignment in evidence and did not undertake to prove that the form of the alleged assignment was any other than the indorsement by the payee of only his name on the back of the note. He alleged that he got the note from the payee 'before maturity, without notice, in due course, for a valuable consideration.' But the only allegation that he proved was that he got the note before maturity......The defendant had the right to insist that the allegata and probata agree.''

Our question, now, is whether, in the circumstances, the blank indorsement was an assignment within the averment. In our view, as the record then stood, plaintiff had made out a prima facie case, and was entitled to go to the jury. Cases are reported in which the pleader designated an assignment formally written out on the back of a promissory note, as a commercial indorsement of the note; in others, a blank indorsement is designated an assignment; illustrations of the first class in this state are Bisbing v. Graham, 14 Pa. 14, and Hall v. Toby, 110 Pa. 318, while Peerless Heater Co. v. Hobson, 98 Pa. Superior Ct. 257 is an example of the second. There are decisions in many jurisdictions that formal words of assignment, and even of guaranty, written on the back of the note over the payee's signature, are to

be considered as indorsements that cut off the maker's defenses; (a list of some of the states in which that conclusion is reached is given in a note at the end of this opinion); it is also true that, in a minority of jurisdictions, a more limited construction is given to such assignments and guaranties and they are held not to be commercial indorsements. But it is to be noted that, since the quite general enactment of the Negotiable Instruments Law, the tendency has been to resolve doubts in favor of negotiability; this is considered desirable in the interest of general uniformity in the commercial law; various provisions of the statute are construed as requiring the conclusion that an assignment on the back of a negotiable note, signed by the payee, is to be treated as an indorsement. As we have found no decisions in this state requiring a contrary decision, we think we should apply the same rule, noting that the conclusion derives some support from expressions in the two opinions of the Supreme Court just referred to.

We therefore examine the record in the light of that view and the provisions of the Negotiable Instruments Law. Section 30 (1901 P. L. 194, 199) defines negotiation as follows: "An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. If payable to bearer, it is negotiated by delivery; if payable to order, it is negotiated by the indorsement of the holder, completed by delivery." The payee, Zimmerman, wrote his name, with no other words, on the back of the note; he then delivered it to plaintiff; that constituted indorsement and negotiation; section 31. Under section 63 (amended 1927 P. L. 118) "A person placing his signature upon an instrument otherwise than a maker, drawer, or accepter, is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity." This

note, indorsed in blank, became payable to bearer; section 34; Dominion Trust Co. v. Hildner, 243 Pa. 253. As the note, so transferrable by delivery, was negotiated to plaintiff, he was the holder: "holder means the......indorsee of a......note, who is in possession of it, or the bearer thereof;" section 191; Oleon v. Rosenbloom Co., 247 Pa. 250. He testified that he received the note before maturity with Zimmerman's name on the back. He might then have also negotiated it by mere delivery to another: Lincoln Nat. Bank v. Miller, 255 Pa. 467. Under section 59, plaintiff, so holding it, is "deemed prima facie to be a holder in due course......" cf. Fehr v. Campbell, 288 Pa. 549.

We now return to the second paragraph of the statement of claim: "The plaintiff, John L. Musser, became the owner and holder of the said promissory note by assignment from the said H. S. Zimmerman before maturity, without notice, in due course, for a valuable consideration, and is now the owner and holder of the said promissory note." A blank indorsement then includes, as an element of its definition, an assignment of the title to the note, as well as the assumption of certain other obligations. In this case, the only written contract attached to the statement of claim is the note and indorsements; section 9 of the Practice Act requires the pleader to state whether his contract is oral or in writing; if defendant was in any doubt that plaintiff's averment of 'assignment' meant anything else than the writing of his name on the back of the note and its delivery to plaintiff, he might have asked for amplification of the averment under appropriate provisions of the Practice Act. The averment in paragraph 2, construed with the written document made part of the statement of claim, is therefore to be considered an averment that plaintiff is a holder in due course, within section 59. When the plaintiff rested, and defendant's motion for the nonsuit was

granted, plaintiff had made out a prima facie case within the averment, rightly construed, (cf. Lerch Hardware Co. v. First Nat. Bank, 109 Pa. 240; Schultheis v. Sellers, 223 Pa. 513), and the burden of proof shifted to defendant to prove the defense set up; cf. page 553 of Fehr v. Campbell, supra.

Judgment reversed and new trial granted.

Note: Cases treating assignment or guaranty as indorsement: Leahy v. Haworth, (Neb.) 141 Fed. 850, C. C. A. 8th Cir.; Jones County Trust Co. v. Kurt, 192 Iowa 965, 182 N. W. 409; Main Trust Co. v. Butler, 45 Minn. 506, 48 N. W. 333; Toler v. Sanders, 77 W. Va. 398, 87, S. E. 462; Farnsworth v. Burdick, 94 Kan. 749, 147 Pac. 863; Thorp v. Mindman, 123 Wis. 149, 101 N. W. 417; First Nat. Bank v. Cummings, 69 Okla. 216, 171 Pac. 862; Cady v. Bay City Land Co., 102 Oregon 5, 201 Pac. 179; Hutson v. Rankin, 36 Ida. 169, 213 Pac. 345; Hare et al. v. Englander, (N. J.) 125 Atl. 313; Davis v. Flarey, (Ala.) 77 S. 413; Merrill v. Hurley, 6 S. D. 592, 62 N. W. 958; Davidson v. Powell, 114 N. C. 575, 19 S. E. 601; Markey v. Corey, 108 Mich. 184, 66 N. W. 493; Dunham v. Peterson, (N. D.), 67 N. W. 293; Brotherton v. Street, (Ind.) 24 N. E. 1068; Lynes v. Holt-Taylor & Co., (Mo.) 268 S. W. 703.

Snively v. Ekel, 1 W. & S. 203 (1841) held that a guaranty endorsed on a promissory note was not a commercial indorsement, but the case does not appear to have been cited since, and Dunning v. Heller, 103 Pa. 269 (1883) contains language inconsistent with it.