[Civ. No. 7111. Second Appellate District, Division Two.—June 15, 1932.]

JAY R. THURBER et al., Respondents, v. LYNDON L. FISHER et al., Appellants.

Clay & Handy and Thos. L. Clay for Appellants.

Laughlin & Laughlin for Respondents.

THOMPSON (IRA F.), J.—On March 15, 1926, the defendants Fisher executed to the defendants Gire their certain promissory note in the sum of $2,500, payable in installments of $60 per month, which note was secured by a trust deed. On June 17, 1926, the defendants Gire transferred the note to Simon E. Hammer and Edna A. Hammer, with the following indorsement:

"For value received, we do hereby transfer and assign to Simon E. Hammer and Edna A. Hammer, his wife, as Joint Tenants, the within note, together with all rights accrued or to accrue under the Deed of Trust securing same so far as same relate to this note, and do hereby guarantee the payment of this note, and waive presentment, demand, protest and notice of protest.

"EARL C. GIRE,
"EDNA G. GIRE."

On May 24, 1928, the Hammers delivered the note to Anna R. Hope, their indorsement being without recourse. On May 31, 1928, Anna R. Hope delivered the note to plaintiffs herein, guaranteeing payment, and waiving presentment, demand and protest. The installment payment falling due on June 1, 1928, was not paid, nor were any of the other installments up to March 22, 1929, paid, on which last-named

date respondents declared the whole amount of the note, principal and interest, due and caused the security to be sold by the trustee and the proceeds of the sale applied as provided in the note and deed, leaving a deficiency. On March 28, 1929, plaintiffs filed their complaint for the unpaid balance, making the makers of the note and all the indorsers and guarantors defendants. All of the defendants except Earl and Edna Gire allowed judgment to go against them by default. This is an appeal from the judgment in favor of plaintiffs.

Appellants contend that the evidence showed that an agreement was entered into between plaintiffs and the makers whereby the monthly payments under the note were to be reduced, and that this was such an alteration of the contract as to release appellants from their obligation as guarantors under section 2819 of the Civil Code. The evidence relating thereto is as follows: "Q. After the payments were not made on the note, Mr. Thurber, what did you do? A. Why I rang up Mr. Gire and also had the bank notify Mr. Fisher, . . . Mr. Fisher said he would try to rent the house, he had moved out in the meantime, and agreed the rent would apply on the house, and a little later I went back, I left town for a while, and when I got back they had rented the house and used up some of the money on the repairing— . . . In the fall when I came back, I couldn't locate Mr. Fisher, and the agent wouldn't turn the money over to me and I started proceedings." On cross-examination he testified: "Q. After you saw Mr. Gire you saw Mr. Fisher? A. Yes, sir. Q. At that time you told him you would take the rents from the place and apply them on the note, that would be satisfactory at that time? . . . A. Sure. Q. You told Mr. Fisher? A. Yes, I told him I was willing to hold off a little bit until he got on his feet and tried to do something. Q. How much was the rent, do you know? A. About $33.50 a month." Section 2819 of the Civil Code reads as follows: "A guarantor is exonerated, except so far as he may be indemnified by the principal, if by any act of the creditor, without the consent of the guarantor, the original obligation of the principal is altered in any respect, or the remedies or rights of the creditor against the principal, in respect thereto, in any way impaired or suspended." The case of *Dean* v. *Sedan Milling Co.*, 19 Cal. App. 29 [24

Pac. 736], presents a similar question. In that case a note for $2,000 payable in ninety days was indorsed and guaranteed by one of the defendants, and the court found that shortly after the note was due, the plaintiff who was the payee, "entered into an oral agreement" with the maker, whereby the plaintiff "extended the time of payment of said promissory note as follows: One thousand dollars and the interest on said $2,000 at the same rate of interest as provided in said note, to wit: eight per cent per annum to be paid on the second day of January, 1909, and the balance of $1,000 with the same rate of interest as provided in said note . . . to be paid on the second day of February, 1909". Upon default under this agreement plaintiff sought to hold the guarantor, who also invoked the same section of the code relied upon by appellants here. The court there said: "Was the oral extension of time of the payment of the note void? Appellant, correctly, we think, states the rule that, in order to relieve the guarantor from liability, *there must be a valid extension of time for a definite period* and there must exist the *mutual* promises, first, by the lender to forbear his right to full payment during the period of extension; second, by the debtor to retain the money for the extended time, and such extension must be supported by a sufficient consideration." The court then quotes from section 2820 of the Civil Code, which is as follows: "A promise by a creditor, which for any cause is void, or voidable by him at his option, *does not alter the obligation or suspend or impair the remedy, within the meaning of the last section*" (referring to section 2819). The court then says: "We are thus brought back to the question whether the promise of plaintiff was for any cause void. If it lacked consideration it was void and the guarantor was not exonerated. . . . Another element is brought into the case. The contract (promissory note) is ·in writing and section 1698 of the Civil Code provides: 'A contract in writing may be " 'altered' " by a contract in writing or by an oral *executed* agreement, and not otherwise.' . . . " (Italics ours.)

It will be observed that the conversations had between the respondent Jay Thurber and the maker had none of the essentials of a contract sufficient in form to release appellants from their guaranty, as contemplated by section 2819 of the

Civil Code. The most that may be said of the effect of the negotiations is that respondents were willing to extend a reasonable opportunity to the Fishers to make good the default without immediately exacting their "pound of flesh". It follows that appellants' contention that there was not sufficient evidence to sustain the finding that there was no agreement with the makers to pay thereon only such amount as they should receive from rents, cannot be sustained.

Appellants next contend that they were not sued as indorsers and cannot be held as such. There is nothing to be found in the record which indicates that plaintiffs intended to hold them on their guaranty only. In so far as their liability as indorsers is concerned there is authority to the effect that where the payee of a note for the purpose of negotiating it indorses a guaranty thereon combined with a waiver of demand, notice and protest, he becomes an indorser with enlarged liability. (*Bank of Italy* v. *Symmes,* 118 Cal. App. 716 [5 Pac. (2d) 956], and cases there cited.) In the case of *Kellogg* v. *Douglas County Bank,* 58 Kan. 43 [62 Am. St. Rep. 596, 48 Pac. 587], we find the following language: "An indorsement made on the back of a promissory note in the following language 'For value received, we hereby guarantee payment of within note at maturity, waiving demand, protest, and notice of protest, signed by the payee of the note, is a commercial indorsement as well as a guarantee of payment; and the note being negotiable in form, is sufficient to pass a valid title to the paper and protect an innocent purchaser thereof'." (See, also, *Fisher Lumber & Coal Co.* v. *Robbins,* 104 Kan. 619 [180 Pac. 264], and *Hutson* v. *Rankin,* 36 Idaho, 169 [33 A. L. R. 91, 213 Pac. 345], to the same effect.)

These cases also dispose of the contention that the respondents were not entitled to recover against the appellants for the reason that the guaranty did not pass to them as subsequent holders.

Judgment affirmed.

Craig, Acting P. J., and Fricke, J., *pro tem.,* concurred.